In the Matter of BUFFALO BROADCASTING COMPANY INC., Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants. (And Another Related Proceeding.)

Third Department, January 23, 1992

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Frank K. Walsh* and *Peter H. Schiff* of counsel), for appellants.

*Hodgson, Russ, Andrews, Woods & Goodyear (Paul I. Perlman* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

These appeals involve petitioner's continued efforts to obtain through the State's Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) copies of videotapes taken by respondents at Attica Correctional Facility in Wyoming County and of the August 1988 inmate uprising at Coxsackie Correctional Facility in Greene County. When this matter was previously before us (155 AD2d 106), we affirmed Supreme Court's rejection of respondents' various claims to a blanket exemption from disclosure of the tapes at both facilities. With respect to the tapes of the Coxsackie facility uprising, we also affirmed Supreme Court's direction to furnish

copies of all tapes after redacting particular portions thereof which might interfere with criminal prosecutions, invade any inmate's expectation of privacy or pose a serious safety consideration, and required respondents to submit a description of the redacted portions sufficient to permit judicial review *(supra,* at 110-111). As to the disclosure of the tapes at the Attica facility, we modified the judgment requiring disclosure to incorporate the same conditions governing respondents' redactions of any portions of the Coxsackie facility tapes *(supra,* at 112-113).

Following this court's decision, respondents reviewed all the tapes as directed. They made substantial redactions in the tapes of the Coxsackie facility uprising, including withholding a number of tapes in their entirety, and submitted an affidavit generally describing what was redacted and why the portions withheld were exempt from disclosure under the previous court rulings. In all instances regarding the redactions of the Coxsackie facility tapes, the claimed exemption was that disclosure would create concerns for the personal safety of inmates or correctional personnel *(see,* Public Officers Law § 87 [2] [f]). On this basis, respondents excised or withheld depictions of the following: the Coxsackie facility's special housing unit (hereinafter SHU) (where the uprising occurred) after it was retaken; the frisking of inmates for weapons; negotiations for the release of hostages and surrender of inmates; panoramic views of the prison yard, roofs and general layout of facility buildings; and the transfer of an entire dormitory of inmates to another facility during an unrelated incident. It was asserted as to all of these scenes that disclosure entailed safety concerns because they would reveal techniques, weapons and equipment employed by correctional personnel in suppressing prison disturbances or information on the facility's physical layout useful for an inmate uprising or escape.

With respect to the videotapes of the Attica facility, respondents claimed that all 315 tapes of the SHU were exempt from disclosure, essentially on the ground that the extreme dangerousness of the inmate population of that unit requires that operations of the unit and even its physical configuration be shrouded in total secrecy. According to the affidavit of one correctional official, even "innocuous information" may compromise facility safety and, thus, "no portion of any of [the SHU] videotapes * * * can be released without potentially compromising facility safety and security". Additionally, re-

spondents redacted other specific portions of the Attica facility videotapes showing strip searches of inmates, the administration of tear gas on several violent inmates and the storming of the cell of one obstreperous inmate, under claims to FOIL exemptions on grounds of invasion of personal privacy *(see,* Public Officers Law § 87 [2] [b]) and danger to personal safety *(see,* Public Officers Law § 87 [2] [f]).

■ After an in camera review of the redactions and withheld tapes at the Coxsackie facility, Supreme Court rejected respondents' claim to the danger to personal safety exemption. Supreme Court found, in substance, that the depictions which respondents sought to suppress were of scenes witnessed by the general prison population and that the techniques, weapons and equipment used by correction officers and officials as shown on the tapes were not only observable by the inmates but completely conventional in nature. Hence, the court concluded that their disclosure did not create the possibility of any serious safety considerations.

■ Supreme Court also rejected respondents' attempt to shield in their entirety the tapes of the SHU at the Attica facility. It upheld, however, various claims to exemptions covering specific redactions. Thus, to the extent that respondents' narrative descriptions of the contents of tapes indicated strip frisks or other possible display of nudity of inmates, redactions were ordered to prevent invasions of personal privacy. Likewise, the court concluded that, inasmuch as techniques for the storming of a cell and for the administration of tear gas and the reaction thereto might not be readily or totally observable by either inmates in general or the targets of those practices in particular, the possibility of endangerment to prison security and the personal safety of correctional staff existed sufficiently to justify redaction. Apparently on similar reasoning, the court permitted redaction of a tape showing the security system switchboard at the Attica facility.

■ ■ On appeal, we find no reason to disturb Supreme Court's judicious resolution of the disputed claims to FOIL exemptions in these proceedings. The Court of Appeals has repeatedly stressed that "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" *(Matter of Capital Newspapers v Whalen,* 69 NY2d 246, 252; *see, Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 564). The burden is on the governmental agency to

establish that "the material requested falls squarely within the ambit of one of [the] statutory exemptions" *(Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). The burden of establishing a blanket exemption covering all of the records requested is especially heavy *(see, Matter of Washington Post Co. v New York State Ins. Dept., supra,* at 567; *Church of Scientology v State of New York,* 46 NY2d 906, 908). In light of the foregoing principles favoring disclosure and narrowly restricting FOIL exemptions, we held on the prior appeals herein that respondents' claims to the safety exemption would not prevail as to matters depicted on the tapes which would have been readily observable by the inmates, unless there was additional support for the claim "either by a visual demonstration from the tapes or by other evidentiary facts" (155 AD2d 106, 112, *supra).* While respondents in these proceedings subsequent to our decision have articulated in greater detail the reasons for their concerns regarding disclosures, except in the instances where Supreme Court upheld redaction, their assertions remained conclusory and unsupported by demonstration from the tapes or evidentiary facts. Likewise conclusory and unsupported was respondents' contention on appeal that granting petitioner's request for full disclosure to the extent of the judgments herein would open untrammeled access to the tapes to "be watched repeatedly and studied by any [inmate] bent on mayhem, even one who has made his own observations".

For all the foregoing reasons, Supreme Court's rulings on petitioner's request for FOIL disclosure of the videotapes at the Coxsackie and Attica facilities should be upheld in all respects.

MIKOLL, YESAWICH JR., CREW III and CASEY, JJ., concur.

Ordered that the judgments are affirmed, with costs.