■ ANN BROWN, Individually and as Administratrix of the Estate of LINDA S. YALEM, Deceased, Appellant, v TOWN OF AMHERST et al., Respondents. [600 NYS2d 601] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred by denying summarily plaintiff's demands for records of the Amherst Police Department's investigation into the murder of plaintiff's decedent. "FOIL imposes a broad standard of open disclosure upon government agencies and all records are presumptively available for public inspection and copying unless they fall within one of FOIL's eight exemptions * * *. The statutory exemptions are to be narrowly interpreted and the burden lies upon the agency to show that the requested material falls squarely within the statutory exemption" *(Matter of Buffalo News v Buffalo Mun. Hous. Auth.,* 163 AD2d 830, 830-831; *see also, Matter of Capital Newspapers Div. v Burns,* 67 NY2d 562, 566). The agency resisting disclosure must articulate "a particularized and specific justification for denying

access" *(Matter of Capital Newspapers Div. v Burns, supra,* at 566).

Not all material compiled for law enforcement purposes is exempt from disclosure *(Matter of Moore v Santucci,* 151 AD2d 677, 678-679). Material so compiled is exempt only if it is of a nature that, if disclosed, would interfere with law enforcement investigations or judicial proceedings, deprive a person of a right to a fair trial or impartial adjudication, identify a confidential source or disclose confidential information relating to a criminal investigation, or reveal criminal investigative techniques or procedures, except routine techniques and proceedings (Public Officers Law § 87 [2] [e] [i]-[iv]). Although special concerns surround a FOIL request for records in an ongoing criminal investigation *(see generally, Hawkins v Kurlander,* 98 AD2d 14), defendants are not entitled to a blanket exemption from disclosure absent a showing that the materials requested fall squarely within a statutory exemption. Affidavits that merely parrot the statutory language of the exemption are not sufficient *(see, Church of Scientology v State of New York,* 46 NY2d 906, 908).

We conclude that defendants failed to meet their burden of demonstrating that all of the material requested by plaintiff is exempt from disclosure. We, therefore, remit the matter to Supreme Court to hold an in camera examination of the material requested and to determine whether the material falls within a specific statutory exemption *(see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 83). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Discovery.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.