■ In the Matter of CARLO HUSTON, Appellant, v ALLISON TURKEL, Respondent. [653 NYS2d 584] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered on or about August 14, 1995, which denied petitioner's application pursuant to CPLR article 78 to compel respondent's Freedom of Information Law (FOIL; Public Officers Law § 84 et seq.) disclosure of certain records pertaining to petitioner's criminal prosecution, namely, an autopsy report, witness statements, a medical report, a ballistic report and the felony complaint, unanimously affirmed, without costs or disbursements.

Petitioner is not entitled to the autopsy report, the felony complaint and the ballistics report because they were previously provided to his attorney and petitioner fails to show that they are no longer available (cf., Matter of Swinton v Record Access Officers for City of N. Y. Police Dept., 198 AD2d 165). In any event, autopsy reports are exempt from disclosure under New York City Charter § 557 (g) (Matter of Mitchell v Borakove, 225 AD2d 435, appeal dismissed 88 NY2d 919). State-

ments made by a witness to the District Attorney's office are protected by the public interest privilege, and their disclosure cannot be directed absent a showing, not made here, of a " 'compelling and particularized need for access.' " (*Sanchez v City of New York*, 201 AD2d 325, 326, quoting *Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444). Public Officers Law § 87 (2) (b) and § 89 (2) (b) (ii) specifically exempt access to medical records as an unwarranted invasion of privacy. We note that the type of document found to be non-exempt from disclosure in *Matter of Gould v New York City Police Dept.* (89 NY2d 267) is not involved herein. Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.