(June 17, 1997)

■ In the Matter of FARIDA BURTIS, Appellant, v NEW YORK POLICE DEPARTMENT et al., Respondents. [659 NYS2d 875] —Order and judgment (one paper), Supreme Court, New York County (Salvador Collazo, J.), entered January 31, 1996, which denied petitioner's FOIL application to compel respondent Police Department's disclosure of records pertaining to the investigation of harassing phone calls made to petitioner at her home and at her office in the United Nations, and dismissed the petition, unanimously modified, on the law, to direct disclosure of the materials specified herein, and otherwise affirmed, without costs.

Respondents have not demonstrated that the following materials are exempt: the letters written by and to petitioner; the telephone list petitioner compiled; the follow-up complaint reports describing her complaint, to wit, Complaint No. 15742 (Log No. 123), Complaint No. 11839 dated November 14, 1990, and Complaint No. 14919 dated September 10, 1991, July 27, 1992 (follow-up No. 2) and August 19, 1992 (follow-up No. 3); the follow-up complaint reports describing the police investiga-

tion, to wit, Complaint No. 14919 (1, 4, 5, 7) and Complaint No. 15742 (report dated June 23, 1994 and reports numbered 6 and 7); the follow-up complaint report pertaining to the interview of the presumed perpetrator (Complaint No. 15742 dated Apr. 17, 1994 [follow-up No. 10]); and two letters, one dated August 31, 1992, from Rubin Martinez to Chief of Security, United Nations, and the other dated June 14, 1994, from Michael Mansfield, Assistant District Attorney, Queens County, to Anthony Miller, Principal Legal Officer, United Nations. Further, Complaint No. 14919 dated February 9, 1993 (follow-up No. 6), Complaint No. 15742 dated March 19, 1994 (follow-up No. 8), and Complaint No. 15742 dated April 18, 1994 (follow-up No. 11) should be provided in redacted form with the deletion of any information regarding the placement of telephone "traps" and surveillance cameras, since that information cannot be characterized as "routine" criminal investigation techniques or procedures (Public Officers Law § 87 [2] [e] [iv]; see, Matter of Fink v Lefkowitz, 47 NY2d 567, 572), and any information that can be characterized as an "internal government exchange" would be protected by the inter/intra agency exemption (Public Officers Law § 87 [2] [g]; see, Matter of Gould v New York City Police Dept., 89 NY2d 267, 277). Additionally, the videotape of the alleged perpetrator making telephone calls and written records generated by the investigation conducted by the United Nations which were turned over to New York law enforcement authorities in connection with the latter's investigation are not exempt under Federal law in the present circumstances involving neither any search of United Nation's premises nor any interference with United Nation's property or assets (see, Public Officers Law § 87 [2] [a]; 22 USC § 288a [b]; Convention on the Privileges and Immunities of the United Nations [21 UST 1418; TIAS 6900; 1 UNTS 16] §§ 2, 3). Accordingly, we modify to direct disclosure of those materials.

The other materials sought by petitioner are exempt from disclosure. The complaint follow-up report regarding telephone "traps", the telephone numbers and names of persons recorded on those traps and the interviews of those persons are not subject to disclosure since, as noted, the placement of telephone traps cannot be characterized as "routine" criminal investigation techniques or procedures, and also because the interviews of persons recorded who had no connection with petitioner's harassment complaint implicate personal privacy concerns. Likewise, the remaining complaint follow-up reports pertaining to the interviews of persons recorded on the telephone traps are also not subject to disclosure. Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Andrias, JJ.