OPINION OF THE COURT
Daniel D. Angiolillo, J.
Petitioner represents Carlos Cajigas in the pending trial of murder in the first degree and related charges arising out of the death of Kathleen Martyn. Within the criminal proceeding, petitioner has moved for a variety of relief relating to discovery, both within an omnibus motion and in separate motions relating to the Grand Jury presentation and the People’s use of subpoenas to obtain background material relating to defendant Cajigas. This court has issued decisions addressing the requests for relief made by petitioner on behalf of Mr. Cajigas.
Petitioner commenced this CPLR article 78 proceeding for judgment directing respondents to comply with certain requests made by petitioner pursuant to the Freedom of Information Law (Public Officers Law art 6 [FOIL]). Petitioner sought the production of documents relating to two criminal proceedings *243 directly related to the death of Kathleen Martyn on January 6, 1997; a separate criminal charge of obstructing governmental administration lodged against the defendant in one of those proceedings, Malcolm James; and a fourth criminal event, one involving the husband of Kathleen Martin as the victim of a robbery. Petitioner requested the production of: all documents relating to the arrest of Carlos Cajigas and Michael Fernandez for the homicide of Kathleen Martyn; all documents regarding the arrest of Malcolm James and charges of criminal possession of a weapon, the pistol used to shoot Mrs. Martyn in the left eye, and attempted robbery relating to an attempt to rob the Martyns at the end of December 1996 or the first part of January 1997; all documents relating to an appearance ticket issued to Malcolm James for obstructing governmental administration, which was returnable in Mount Vernon on January 16, 1997; and all documents relating to the investigation of an attempted robbery or robbery of James Martyn on or about August 11, 1996 (sic).
Petitioner asserts his FOIL requests to the District Attorney of Westchester County and the county police specifically sought: all complaint reports; all reports of interviews of witnesses; all police activity logs; and all records of Carlos Cajigas obtained by the People in connection with the investigation of the homicide of Kathleen Martyn, whether obtained by subpoena or otherwise. Petitioner’s various FOIL requests were denied by the respective access officer, administrative appeals were taken and those appeals were denied. This proceeding ensued. As an alternative to judgment directing respondents to produce the requested documents, petitioner requests that this court conduct an in camera examination of all documents falling within his request and make a determination as to whether the respondents may have waived any otherwise applicable exemptions.
Petitioner argues that the Court of Appeals has held the existence of the discovery procedures set forth in CPL article 240 does not preclude an individual from making a FOIL request for production of documents compiled by the government in a criminal case. Relying on Matter of Gould v New York City Police Dept. (89 NY2d 267 [1996]), petitioner asserts respondents may not rely on a claim of blanket exemption to production of the requested documents but rather must make a particularized showing that the requested materials fall squarely within a specific statutory exemption. Petitioner asserts that showing must be made in the course of an in camera review of the *244 subject material by this court. In essence, given the breadth of petitioner’s request for production, petitioner would have this court conduct an in camera review of all of the files of the District Attorney and the county police compiled in connection with the investigation of the homicide of Kathleen Martyn and in preparation for the prosecution of the charges returned against Carlos Cajigas, Michael Fernandez and Malcolm James.
In response to the administrative denials of his requests for disclosure of witness statements on the ground of public interest privilege, petitioner asserts that privilege should not be available to preclude production of police statements or to those who have been given immunity in exchange for prospective testimony. Petitioner argues the applicability to the privilege should be determined on a case-by-case basis, again through a judicial review of the statements. With regard to any prospective witness who was given a deal in exchange for prospective testimony, petitioner argues there is a particularized need for production of their statements to obtain testimony useful to the defense or to prevent false testimony.
Petitioner asserts respondents have significantly disclosed facts relating to the investigation of the homicide of Kathleen Martyn, the prosecution and plea of Michael Fernandez, the prosecution and plea of Malcolm James and the preliminary phases of the prosecution of Carlos Cajigas. Petitioner asserts that disclosure has come through the People’s compliance with the requirements of CPL 710.30 and article 240, the public court proceedings wherein Malcolm James and Michael Fernandez entered pleas of guilty, and through the press conferences given by the Office of the District Attorney in connection with the homicide of Kathleen Martyn. Petitioner argues this disclosure of factual information removes any statutory exemption under FOIL that might otherwise be applicable to documents that reflect the facts previously disclosed to the public.
Respondent Louis D’Aliso, Commissioner of the Department of Public Safety, submitted an answer to the petition. Respondent D’Aliso raised several objections in point of law to the relief requested by petitioner, including an assertion that the requested material was compiled for law enforcement purposes and its disclosure would interfere with law enforcement investigations and judicial proceedings (Public Officers Law § 87 [2] [e] [ij). Respondent D’Aliso requests judgment dismissing the petition.
Respondent Pirro, District Attorney of Westchester County, moved for dismissal of the petition pursuant to CPLR 7804 (f) *245 on the ground the records sought by petitioner, under the circumstances existing in this case, are exempt from disclosure under FOIL pursuant to Public Officers Law § 87 (2) (e) (i). Petitioner asserts the motion should be denied as untimely as respondent Pirro did not specifically request an adjournment of the original return date, set at 14 days from service of the order to show cause and petition, as did respondent D’Aliso; and the motion was not served five days before the original return date, nor was it made returnable on that date. Petitioner’s request to deny as untimely respondent Pirro’s motion to dismiss is denied. Petitioner had a full opportunity to submit opposition to the motion, which he did in conjunction with the reply to respondent D’Aliso’s answer.
The submission of this article 78 petition coincided with the commencement of pretrial hearings in the case of People v Fernandez; the trial of the indictment filed against Carlos Cajigas and Michael Fernandez having been severed. Petitioner argues the provision of CPL 240.44 material to Michael Fernandez was a further disclosure of some of the requested material; a disclosure that further warrants production of that material in response to his FOIL request.
Respondent Pirro asserts there is a dearth of authority on the application of the exemption set forth in Public Officers Law § 87 (2) (e) (i) to a pending criminal matter. Respondent asserts there are no reported decisions addressing an application under FOIL made on behalf of an individual then facing criminal charges who requests production of documents relating to that pending prosecution.
This court does not accept petitioner’s assertion that the decisions in Matter of Burtis v New York Police Dept. (240 AD2d 259 [1st Dept 1997]); Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs. (155 AD2d 106 [3d Dept 1990]); and Brown v Town of Amherst (195 AD2d 979 [4th Dept 1993]) support the applicability of a FOIL request to pending criminal cases. Matter of Buffalo Broadcasting (supra) dealt with a request for material relating to a disturbance in a prison. The Court’s decision more aptly may be described as addressed to a blanket cláim by the executive entity charged with running our prison system that disclosure would interfere with a criminal investigation or proceeding than to whether a blanket claim of exemption could be asserted by the executive entity charged with the duty to prosecute crimes in the course of the actual prosecution of a crime. The Court in Matter of Buffalo Broadcasting clearly acknowledged that exemption *246 might apply to some of the material requested. There is no indication in Matter of Burtis v New York Police Dept. (supra) that the exemption set forth in section 87 (2) (e) (i) had been asserted or that criminal proceedings were pending. Likewise, there is nothing in the reported decision of Brown v Town of Amherst (supra) that indicates there was a pending criminal proceeding when the administratrix made her requests for documents. The decision in Brown references special concerns applicable to requests for documents in ongoing criminal investigations, citing Hawkins v Kurlander (98 AD2d 14 [4th Dept 1983]). However, the Court in Hawkins found the lower court’s reliance on the absence of ongoing investigatory activity and the lack of imminent judicial proceedings as the bases for disclosure to be unduly narrow; citing cases that address the continuing validity of the law enforcement exemption after the termination of active investigation, the Court denied FOIL request because of the effect disclosure would have on future investigations.
The reported decisions on the interplay of the FOIL and documents compiled for use in a law enforcement investigation and criminal prosecution have primarily dealt with requests for disclosure by individuals whose prosecutions have concluded with their convictions. (See, Matter of Gould v New York City Police Dept., 89 NY2d 267 [1996], supra; Matter of Laureano v Grimes, 179 AD2d 602 [1st Dept 1992]; Matter of Moore v Santucci, 151 AD2d 677 [2d Dept 1989]; see also, Matter of Huston v Turkel; 236 AD2d 283 [1st Dept 1997].) None of those cases addressed the applicability of Public Officers Law § 87 (2) (e) (i) to a pending criminal prosecution. The authority of those cases does not preclude a determination that a District Attorney may assert a blanket exemption under Public Officers Law § 87 (2) (e) (i) to all material compiled in connection with the investigation of a crime and the pending prosecution of that crime.
Respondents acknowledge that the Freedom of Information Law expresses a broad commitment to open disclosure of the workings of governmental entities by requiring disclosure of government records. (Public Officers Law § 84; Matter of Fink v Lefkowitz, 47 NY2d 567 [1979]; Matter of Gould v New York City Police Dept., supra.) “To implement this purpose, FOIL provides that all records of a public agency are presumptively open to public inspection and copying unless otherwise specifically exempted (see, Public Officers Law § 87 [2]; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 *247 NY2d 75, 79-80, supra).” (Matter of Capital Newspapers v Burns, 67 NY2d 562, 566 [1986].) “FOIL is generally liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government (see Matter of Fink v Lefkowitz, 47 NY2d 567, 571).” (Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 564 [1984].) “[A]ccess to government records does not depend on the purpose for which the records are sought.” (Matter of Gould v New York City Police Dept., supra, at 274.) The burden of demonstrating that requested material comes within the embrace of a statutory exemption falls on the governmental entity that is asserting the exemption. (Matter of Fink v Lefkowitz, supra; Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580 [1980].) The governmental entity must put forth a factual basis for the conclusion that the requested documents come within a statutory exemption. (Church of Scientology v State of New York, 46 NY2d 906 [1979].)
Given those guiding principles of law, the question presented by the facts of this case is whether in the course of the prosecution of a pending indictment the District Attorney may assert a blanket exemption under Public Officers Law § 87 (2) (e) (i) in response to a request for production of all records relating to the prosecution of that indictment. In considering the application of those legal principles to the facts of this case, this court has a considerable awareness of the facts underlying the prosecution as it has presided over the various criminal proceedings since the arraignments on the indictments. This court has had the benefit of review of the Grand Jury proceedings, extensive review of witness statements in connection with Brady applications, the commencement of pretrial hearings in People v Fernandez, the conduct of the pretrial hearings in People v Cajigas, and the plea voir dires.
The Court of Appeals provided an answer in Matter of Gould v New York City Police Dept. (supra) to respondent D’Aliso’s objection in point of law premised on Public Officers Law § 87 (2) (a). “We recognize that petitioners seek documents relating to their own criminal proceedings, and that disclosure of such documents is governed generally by CPL article 240 as well as the Rosario and Brady rules. However, insofar as the Criminal Procedure Law does not specifically preclude defendants from seeking these documents under FOIL, we cannot read such a categorical limitation into the statute [citations omitted]” (89 NY2d, at 274). As noted, Matter of Gould (supra) dealt with *248 postconviction requests for documents and did not address the scope of the exemption set forth in Public Officers Law § 87 (2) (e) (i) or the particularized tension between a FOIL request and the provisions of CPL article 240 in an ongoing criminal prosecution.
This court agrees with respondent Pirro that guidance may be sought and in this case obtained from consideration of Federal case treatment of the comparable Federal statute, the Freedom of Information Act (5 USC § 552 [FOIA]). The Court of Appeals has indicated that Federal case law on comparable exemptions may be instructive. (Matter of Fink v Lefkowitz, supra, at 572, n.) As the Federal statute and interpretative case law are consistent with the comparable New York law, in that broad disclosure is favored — with exemptions narrowly construed — and the burden placed on the governmental entity to sustain nondisclosure (see, John Doe Agency v John Doe Corp., 493 US 146, 151-153 [1989]; Department of Justice v Landano, 508 US 165, 171 [1993]), it is appropriate to consider the Federal rule regarding the assertion of a blanket exemption.
In National Labor Relations Bd. v Robbins Tire & Rubber Co. (437 US 214 [1978]) an unfair labor complaint had been filed and the company against whom the complaint had been filed requested, pursuant to FOIA, production of all witness statements compiled during the Labor Board’s investigation. The particular exemption considered in Robbins Tire was for investigatory records compiled for law enforcement purposes to the extent production of such records would interfere with enforcement proceedings. Contrasting the breadth of that portion of the exemption with the remainder of the law enforcement exemptions that are case specific, the Supreme Court found support in the statutory language for certain generic determinations and then, considering the legislative history of the Act, determined that for particular enforcement proceedings disclosure of particular records would generally interfere with those enforcement proceedings. The Court determined that witness statements in pending unfair labor practice proceedings were exempt from disclosure under FOIA at least until completion of the proceeding, finding that earlier disclosure clearly would interfere with the proceeding. The provisions of Public Officers Law § 87 (2) (e) (i) through (iv) are comparable to the Federal provisions in 5 USC § 552 (b) (7).
The Supreme Court struck a balance between preservation of the existing discovery procedures in unfair labor cases and *249 the recognition of the broad purposes supporting disclosure of records under FOIA. The Court determined that substantively it was important to allow the Government to present its strongest case, avoid the possibility of witness intimidation and prevent the structuring of a defense premised on early disclosure of information. The Court also considered that the necessity to routinely consider FOIA requests in unfair labor cases would result in delay and restructuring of the normal adjudicative procedures of the Labor Board.
In considering the scope of Public Officers Law § 87 (2) (e) (iv) the Court of Appeals recognized the importance of statutory exemptions to the preservation of effective law enforcement. “However beneficial its thrust, the purpose of the Freedom of Information Law is not to enable persons to use agency records to frustrate pending or threatened investigations nor to use that information to construct a defense to impede a prosecution.” (Matter of Fink v Lefkowitz, supra, at 572.) There is additional precedent in support of delaying disclosure until the completion of a pending law enforcement investigation or prosecution of criminal charges. (See reference in Matter of Westchester Rockland Newspapers v Kimball [50 NY2d 575, supra] to the condition imposed by Special Term.)
It is clear that all complaint reports, records involving the investigation of a criminal incident, witness interviews, police activity logs, and all other material compiled in connection with the investigation of the homicide of Kathleen Martyn, the earlier attempted robberies and the criminal possession of the murder weapon are records that are compiled for law enforcement purposes. It is equally clear to this court that, considering the particular balance struck by the Legislature in authorizing discovery in a criminal proceeding (CPL art 240; People v Colavito, 87 NY2d 423 [1996]) — and considering the clear appellate admonitions to the trial courts that the courts do not have the power to alter the discovery balance struck by the Legislature (Matter of Catterson v Rohl, 202 AD2d 420 [2d Dept 1994]; Matter of Catterson v Jones, 229 AD2d 435 [2d Dept 1996]; Matter of Brown v Appelman, 241 AD2d 279 [2d Dept 1998]) — that production of the requested records during the pendency of the trial of the indictment would interfere with the judicial proceedings conducted under the caption People v Cajigas.
In addition to the substantive interference production pursuant to FOIL would have on the trial of the murder charges, consideration of a FOIL request as a routine matter in the *250 course of pretrial proceedings would have a considerable impact on the procedural path of a criminal trial. Absent open-file discovery by the People, the court would have to consider what portion or portions of the production request would fall within the ambit of disclosure under FOIL at the same time it was considering discovery requests pursuant to CPL article 240. Those parallel determinations might not only result in clearly conflicting results, but the scope and timing of appellate review of those decisions would be different. (See, CPL art 450; CPLR art 55; 5519.) The potential for delay of the orderly completion of the trial of an indictment is evidenced by the request in this case by petitioner for a continuance of the trial of the indictment in People v Cajigas to afford petitioner an opportunity to appeal this court’s adverse determination of this article 78 proceeding.
The determination that the requested production would interfere with judicial proceedings is not affected by the completion, with the exception of imposition of sentence, of the trial-level proceedings involving Michael Fernandez and Malcolm James. While it was appropriate to sever the trial of the charges against Michael Fernandez and Carlos Cajigas, the records compiled in the course of the investigation of the complicity of those two individuals in the homicide of Kathleen Martyn are not separable such that production of documents as to one would not interfere in the trial of the other. The charges against Malcolm James involve the attempted robbery of the Martyns sometime within two weeks prior to January 6, 1997. Pursuant to this court’s Ventimiglia-Molineux ruling (People v Ventimiglia, 52 NY2d 350; People v Molineux, 168 NY 264), the People will offer proof of Carlos Cajigas’ involvement in that attempted robbery on their case-in-chief. The charges against Malcolm James are inextricably interwoven with those against Carlos Cajigas as such that production pursuant to FOIL of records relating to the arrest and prosecution of Malcolm James would interfere with the trial of Carlos Cajigas. While this court has made a different Ventimiglia-Molineux ruling regarding the August 13, 1995 attempted robbery of James Martyn, petitioner was separately provided with all the documentation in respondents’ possession relating to that criminal event, thereby mooting any FOIL request for the same documents. (See, Matter of Moore v Santucci, 151 AD2d 677 [2d Dept 1989], supra.)
Given this court’s determination that Public Officers Law § 87 (2) (e) (i) provides an exemption to the requested produc *251 tion, it is not necessary to consider separate restrictions on disclosure of witness statements (see, Matter of Huston v Turkel, 236 AD2d 283, supra; Sanchez v City of New York, 201 AD2d 325 [1st Dept 1994]), or restrictions on premature disclosure of the identity of prospective prosecution witnesses (Matter of Terry D., 81 NY2d 1042 [1993]).
A governmental entity may explicitly waive an otherwise applicable exemption and in its discretion produce requested documents. To the extent circumstances might give rise to an implicit waiver of an exemption, the public official statements regarding the investigation of the homicide of Kathleen Martyn and the prosecution of Carlos Cajigas, Michael Fernandez and Malcolm James, whether in the course of judicial proceedings or in any press conference conducted by the District Attorney, did not amount to a waiver of Public Officers Law § 87 (2) (e) (i).
Respondents have clearly sustained their burden of showing that the documents and records requested fall within the embrace of Public Officers Law § 87 (2) (e) (i). The motion by respondent Pirro pursuant to CPLR 7804 (f) for dismissal of the petition is granted. Respondent D’Aliso is likewise entitled to judgment on his objection in point of law that the exemption set forth in Public Officers Law § 87 (2) (e) (i) warranted denial of petitioner’s FOIL requests. The petition is denied. The proceeding is dismissed.