■ COUNCIL OF REGULATED ADULT LIQUOR LICENSEES et al., Respondents, v CITY OF NEW YORK POLICE DEPARTMENT,

Appellant. [751 NYS2d 438] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about October 30, 2001, which denied the cross motion of respondent-appellant City of New York Police Department to dismiss the petition brought pursuant to CPLR article 78, and granted the petition, directing the Department to comply with petitioners' request for documents, pursuant to the Freedom of Information Law (FOIL), unanimously modified, on the law and the facts, to direct redaction of any references to prospective police enforcement actions within the documents to be disclosed, and otherwise affirmed, without costs.

The requested documents would not enable petitioners or similar entities to frustrate pending or prospective investigations or to use that information to impede a prosecution, and are therefore not exempt from disclosure (see *Matter of Fink v Lefkowitz*, 47 NY2d 567, 572; Public Officers Law § 87 [2] [e] [i], [iii]). The documents contain primarily statistical information concerning the law enforcement history of certain nightclubs in a number of precincts in Manhattan over a period of a few months. Compiled in February and March of 2001, the information at issue is now almost two years old and is for the most part not relevant to any current or future investigation or prosecution of one of the named nightclubs, other than to provide historical context. However, to the extent that the documents refer to prospective police activity, those references should be redacted (see *Matter of Fink*, 47 NY2d at 573; *Matter of Burtis v New York Police Dept.*, 240 AD2d 259, 260).

Inasmuch as petitioners' request described the documents sought in terms nearly identical to those used by respondent Department itself in labeling the documents (petitioners apparently having received a copy of one of the documents from an anonymous source), the respondent's claim that petitioners' request did not sufficiently describe the documents is insupportable. Nor did the fact that petitioners were already in possession of at least one of the requested documents render the FOIL request moot. The record established that petitioners did not possess all of the requested documents. Moreover, petitioners, who sought to use the requested materials to argue against the passage of legislation pending before the New York City Council, needed certified copies of the documents for that purpose.

Petitioners exhausted all administrative remedies when, after submitting their appeal of the Department's initial denial of their request, they received no reply from the Department within the statutorily mandated 10-day response period (see

Public Officers Law § 89 [4] [a]; *Matter of Floyd v McGuire*, 87 AD2d 388, 390, *appeal dismissed* 57 NY2d 774).

Although the respondent had not answered the petition, the court properly ruled on the merits of the proceeding after denying the respondent's cross motion to dismiss the petition. No dispute as to the facts existed, and the court's consideration of the merits entailed no prejudice to the respondent, which raised no objection to the court's consideration of the petition's substantive claim (*cf. Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.*, 63 NY2d 100, 102). Concur—Mazzarelli, J.P., Andrias, Saxe, Sullivan and Rosenberger, JJ.