# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

68

CA 11-00779

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF MARQUEZ MACK,
PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

TIMOTHY HOWARD, IN HIS OFFICIAL CAPACITY AS
SHERIFF OF ERIE COUNTY, MARK N. WIPPERMAN, IN
HIS OFFICIAL CAPACITY AS UNDERSHERIFF OF ERIE
COUNTY, AND CHERYL GREEN, ESQ., IN HER OFFICIAL
CAPACITY AS ERIE COUNTY ATTORNEY,
RESPONDENTS-RESPONDENTS.

---

LIPSITZ & PONTERIO, LLC, BUFFALO (JOHN NED LIPSITZ OF COUNSEL), FOR
PETITIONER-APPELLANT.

JEREMY A. COLBY, COUNTY ATTORNEY, BUFFALO (JEREMY TOTH OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS.

COREY STOUGHTON, NEW YORK CITY, FOR NEW YORK CIVIL LIBERTIES UNION
FOUNDATION, AMICUS CURIAE.

---------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Frederick J. Marshall, J.), entered
February 3, 2011 in a proceeding pursuant to CPLR article 78. The
judgment, inter alia, denied the petition to compel the release of
certain video records.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting the petition to the extent
of directing respondents forthwith to provide petitioner with that
portion of the videotape entitled "Annex B Prison B 26," depicting his
detention in Court Hold #2, and as modified the judgment is affirmed
without costs.

Memorandum: Petitioner, an inmate at a correctional facility,
commenced this CPLR article 78 proceeding seeking to compel
respondents to comply with his request pursuant to the Freedom of
Information Law ([FOIL] Public Officers Law art 6) for a copy of a
videotape taken of Court Hold #2 in the Erie County Holding Center on
a specified date. The videotape depicts an altercation between
petitioner and several deputy sheriffs in that Court Hold, which is a
small cell used to detain inmates temporarily on their way to and from
court. We note at the outset that petitioner has abandoned his
request in the petition for disclosure of various other videotapes

from the Holding Center depicting petitioner before he entered Court Hold #2 (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

We agree with petitioner that Supreme Court erred in denying that part of the petition with respect to the videotape from Court Hold #2, and we therefore modify the judgment accordingly. Contrary to the court's determination, the videotape is not exempt from disclosure pursuant to Public Officers Law § 87 (2) (f), inasmuch as respondents failed to meet their burden of demonstrating that the release of the videotape could "endanger the life or safety of any person." Respondents' contention that the videotape demonstrates the manner in which an inmate can create a disturbance that draws deputies away from their transport duties and thereby ties up manpower is improperly based solely upon speculation, because it is not apparent from the video that the three officers involved in the altercation with petitioner were drawn away from other duties to help quell the disturbance. In addition, the possibility that an inmate disturbance might result in a redistribution of correctional manpower is obvious. As in *Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs.* (174 AD2d 212, 215, *lv denied* 79 NY2d 759), another FOIL case involving video recordings from a correctional facility, "the depictions [at issue] were of scenes witnessed by the general prison population and . . . the techniques, weapons and equipment used by correction officers and officials as shown on the tapes were not only observable by the inmates but completely conventional in nature."

Respondents' reliance on *Matter of Lonski v Kelly* (149 AD2d 977) is misplaced. In *Lonski*, the videotape at issue depicted an inmate's transfer to the special housing unit at a correctional facility, rather than merely the interior of a single cell in a holding center. We determined that it was exempt from disclosure under Public Officers Law § 87 (2) (f) because the videotape revealed "the geographical layout of [the] special housing unit and disclose[d] the identities of inmates and officers who occup[ied] that portion of the prison" (*id.* at 978). Here, because the videotape depicts only the inside of a single cell, the videotape reveals no information about the geographical layout of the Holding Center.

We thus conclude that respondents must provide petitioner with a copy of the videotape entitled "Annex B Prison B 26," showing the altercation in Court Hold #2. We further conclude, however, that petitioner is not entitled to an award of attorney's fees pursuant to Public Officers Law § 89 (4) (c). Even assuming, arguendo, that respondents had "no reasonable basis" for failing to disclose the videotape (§ 89 [4] [c] [i]), it cannot be said that petitioner "substantially prevailed" in this proceeding inasmuch as he established his entitlement to only one of the numerous videotapes requested in the petition (§ 89 [4] [c]).

Entered: January 31, 2012                              Frances E. Cafarell
                                                       Clerk of the Court