Matter of Cobado v Searles (2018 NY Slip Op 04221)





Matter of Cobado v Searles


2018 NY Slip Op 04221


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


727 CA 16-00722

[*1]IN THE MATTER OF MATTHEW M. COBADO, PETITIONER-APPELLANT,
v
JOHN R. SEARLES, CATTARAUGUS COUNTY ADMINISTRATOR RECORD APPEALS OFFICER, RESPONDENT-RESPONDENT. 






MATTHEW M. COBADO, PETITIONER-APPELLANT PRO SE. 
ERIC M. FIRKEL, COUNTY ATTORNEY, LITTLE VALLEY, FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered February 25, 2016 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment that dismissed his CPLR article 78 petition seeking disclosure of certain documents pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6). We affirm. The District Attorney and the Deputy Chief Clerk of Cattaraugus County Court certified that their respective agencies do not possess the requested documents (see § 89 [3] [a]; see also Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]). Even assuming, arguendo, that the documents requested by petitioner under FOIL exist, including the requested "Confidential Informant(s) Sheet(s)" and "cooperative agreement(s)," we note that records concerning confidential informants and cooperation agreements are expressly exempted from disclosure under FOIL (see § 87 [2] [e] [i], [iii]; Brown v Town of Amherst, 195 AD2d 979, 980 [4th Dept 1993]). Thus, contrary to petitioner's contention, the court properly dismissed the petition inasmuch as respondent's denial of petitioner's FOIL request was not affected by an error of law (see generally Matter of Spring v County of Monroe, 141 AD3d 1151, 1151 [4th Dept 2016]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court