OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 The minutes of insurance company meetings that are given by the companies to the New York State Insurance Department for its examination constitute “records” within the meaning of the New York Freedom of Information Law (FOIL). Consequently, they are subject to public review under FOIL unless it is established that the documents are, in whole or in part, subject to a statutory exemption.
 

 Under New York’s regulatory system, the affairs of domestic insurance companies are subject to examination
 
 *563
 
 by the respondent State Insurance Department (see Insurance Law, art 3
 
 et seq.).
 
 To facilitate this review, the insurance companies are required to maintain certain books and records, including minutes of the corporate board of directors’ meetings; to provide respondent with access to these documents at reasonable hours; and to cooperate with respondent in facilitating such examinations (see Insurance Law, §§ 26-a, 28, 29). A long-standing practice, formalized by the use of circular letters since 1927, developed among insurance companies for the voluntary sending of copies of their minutes to the respondent’s offices, rather than requiring the respondent’s examiners to travel to each insurance company for inspections. Respondent promised to keep such records confidential.
 

 In 1980, a reporter from petitioner,
 
 The Washington Post,
 
 filed a formal request under FOIL with respondent for access to the minutes of the meetings of the Boards of Directors or Trustees and certain finance committees of Metropolitan Life Insurance Company, New York Life Insurance Company, and The Equitable Life Assurance Society of the United States for the years 1978 through 1980. After initially refusing the request, respondent indicated that the records would be disclosed, except for those portions that might be deemed exempt under section 87 (subd 2, par [d]) of the Public Officers Law by respondent and the insurance companies after they had an opportunity to review the documents. Subsequently, the Department again reversed itself, denying all access on the grounds that the minutes were not “records” within the purview of FOIL or, alternatively, that they were exempt from that law’s disclosure requirements. In addition, respondent asserted that its grant of confidentiality precluded disclosure and best protected the interests of policyholders.
 

 The Committee on Public Access to Records concluded, in an advisory opinion sought by petitioner, that a blanket denial of access to the minutes was improper because they were “records” under FOIL which should be disclosed to the extent that respondent, after a complete review, did not establish grounds for exemption. When respondent continued to refuse access, petitioner instituted this article 78 proceeding to compel disclosure of the documents. The
 
 *564
 
 three affected insurance companies were granted leave to intervene.
 

 Special Term granted the petition, holding that the corporate board meeting minutes were “records” regardless of whether the submission of the documents was voluntary. It provided for
 
 in camera
 
 inspection of those portions which the intervenors or respondent wished to claim were subject to an exemption from the disclosure requirement of FOIL. Before the inspection was held, an appeal was taken.
 

 The Appellate Division reversed, holding that the documents were not “records” as defined in FOIL because they did not aid any governmental decision-making. Rather, they were the private property of the intervenors, voluntarily put in the respondent’s “custody” for convenience under a promise of confidentiality. This court now reverses.
 

 The statutorily stated policy behind FOIL is to promote “[t]he people’s right to know the process of governmental decision-making and to review the documents and statistics leading to determinations’’ (Public Officers Law, § 84). Consistent with this policy, the Legislature restructured FOIL in 1977 (L 1977, ch 933, § 1) to make the vast majority of requested documents presumptively discoverable as “records” under the very broad definition contained therein: “any information kept, held, filed, produced or reproduced by, with or for any agency or the state legislature, in any physical form whatsoever including, but not limited to, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photo, letters, microfilms, computer tapes or discs, rules, regulations or codes” (Public Officers Law, § 86, subd 4; see
 
 Matter of Westchester Rockland Newspapers v Kimball,
 
 50 NY2d 575, 580). FOIL is generally liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government (see
 
 Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571). The task before this court now is to determine whether the requested minutes are within the scope of FOIL, and if so, whether they are subject to an exemption under the statute.
 

 
 *565
 
 The requested minutes are “records” under the plain language of FOIL because they are “information kept, held, filed, produced * * * by, with or for an agency.” When the plain language of the statute is precise and unambiguous, it is determinative (see
 
 Roth v Michelson,
 
 55 NY2d 278, 283;
 
 Patrolmen’s Benevolent Assn. v City of New York,
 
 41 NY2d 205, 208). Additionally, inclusion of the documents requested here furthers the policy behind FOIL. The minutes are reviewed by respondent as part of its statutory duty to supervise and regulate the insurance industry for the protection of the interests of the people of this State (see Insurance Law, §§ 26-a, 27, 28, 55
 
 et seq:,
 
 196
 
 et seq.).
 
 Respondent’s determination as to whether statutory violations have occurred and should be remedied are affected by its inspection of the minutes (see, e.g., Insurance Law, § 56, subd 4; § 57, subd 1; § 67, subd 3). Thus, the documents are relevant to a governmental decision-making process. Moreover, “[t]he statutory definition of ‘record’ makes nothing turn on the purpose for which a document was produced or the function to which it relates”
 
 (Matter of Westchester Rockland Newspapers v Kimball,
 
 50 NY2d 575, 581,
 
 supra).
 
 As the expanding boundaries of government become “increasingly difficult to draw * * * there is bound to be considerable crossover between governmental and nongovernmental activities”
 
 (id.,
 
 at p 581).
 

 Respondent’s long-standing promise of confidentiality to the intervenors is irrelevant to whether the requested documents fit within the Legislature’s definition of “records” under FOIL. The definition does not exclude or make any reference to information labeled as “confidential” by the agency; confidentiality is relevant only when determining whether the record or a portion of it is exempt (see
 
 Matter of John P. v Whalen,
 
 54 NY2d 89, 96;
 
 Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571-572,
 
 supra; Church of Scientology v State of New York,
 
 61 AD2d 942, 942-943, affd 46 NY2d 906;
 
 Matter of Belth v Insurance Dept.,
 
 95 Misc 2d 18, 19-20). Nor is it relevant that the documents originated outside the government (see
 
 Matter of John P. v Whalen, supra,
 
 at pp 92-93 [patient’s medical records obtained during investigation of doctor were “records”, although exempt]). Such a factor is not mentioned or implied
 
 *566
 
 in the statutory definition of records or in the statement of purpose (see Public Officers Law, §§ 84, 86, subd 4).
 

 Once determined to be “records”, the minutes must be disclosed under FOIL unless respondent or the intervenors meet their burden of demonstrating that they fit within one of the statutory exemptions (see
 
 Matter of Westchester Rockland Newspapers v Kimball,
 
 50 NY2d 575, 580,
 
 supra; Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571, supra; Public Officers Law, § 87, subd 2; § 89, subd 4, par [b]). It is argued that the records should be exempted in their entirety because they are “specifically exempted from disclosure by state * * * statute” (Public Officers Law, § 87, subd 2, par [a]) or, alternatively, because they contain “trade secrets or are maintained for the regulation of commercial enterprise which if disclosed would cause substantial injury to the competitive position of the subject enterprise” (Public Officers Law, § 87, subd 2, par [d]).
 

 Nothing in FOIL itself expressly calls for exemption of the minutes. Intervenors’ argument that the Insurance Law is a State statute that specifically imposes confidentiality is unpersuasive. The Insurance Law requires the intervenors to maintain certain records, including the minutes requested here, and to provide reasonable access to them for examination by the respondent and its examiners (see Insurance Law, §§ 26-a, 29). However, the Insurance Law does not include any references to confidentiality or prohibit access by others to these minutes. Similarly, that an insurance company may review and comment on an examination report by respondent before its release to the public (see Insurance Law, § 30) does not, without more, render the minutes confidential (cf.
 
 Matter of John P. v Whalen,
 
 54 NY2d 89, 97,
 
 supra
 
 [clear legislative intent to preserve confidentiality of patients’ medical records gathered in agency investigation]). While an express statement is not necessary to establish an exemption under a State statute, there is a requirement of a clear legislative intent to establish and preserve confidentiality (see
 
 id.,
 
 at pp 96-98) which is not met under the Insurance Law. Lastly, the intervenors’ reliance on a limited confidentiality accorded by common law (see
 
 Matter of Cohen v Cocoline Prods.,
 
 309 NY 119;
 
 Matter of Steinway,
 
 159 NY 250) is misplaced (see
 
 *567
 

 Matter of Doolan v Board of Coop. Educational Serus.,
 
 48 NY2d 341, 347). FOIL expressly refers to statutory exemptions so that a common-law privilege is inapposite.
 

 Intervenors’ claim, that the minutes should be exempted in their entirety as information maintained for its commercial enterprise which would injure its competitive position if disclosed, is also unpersuasive (see Public Officers Law, § 87, subd 2, par [d]). Intervenors urge that sensitive information about a company’s policy, financial management, investment strategy, and problems will be revealed, and thus ruin its competitive edge and be detrimental to the interests of the policyholders. This claim is presented in the form of conclusory pleading allegations and affidavits to the effect that every page of the minutes contains such sensitive information, all this without the benefit of evidentiary support. Consequently, the burden of proving that the records should be exempted in their entirety has not been met (see
 
 Church of Scientology v State of New York,
 
 46 NY2d 906, 908,
 
 supra).
 
 That some portions of the records may be entitled to exemption does not warrant withholding the minutes completely (see
 
 Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571,
 
 supra).
 
 If intervenors can establish that indeed disclosure will substantially injure their competitive positions, they will be entitled to an exemption. Whether and what portions should be protected can be ascertained at the
 
 in camera
 
 inspection that was ordered by Special Term (see
 
 id.,
 
 at p 571).
 

 Finally, it is noted that just as promises of confidentiality by the Department do not affect the status of documents as records, neither do they affect the applicability of any exemption. As originally enacted, FOIL contained an exemption for records “confidentially disclosed to an agency and compiled and maintained for the regulation of commercial enterprise, including trade secrets” (L 1974, ch 578; Public Officers Law, former § 88, subd 6, par b). When the statute was amended this provision was deleted. Thus, respondent had no authority to use its label of confidentiality to prevent disclosure of the minutes (cf.
 
 Washington Post Co. v United States Dept. of Health & Human Serus.,
 
 690 F2d 252, 263 [“(T)o allow the government to make documents exempt by the simple means of promising confidentiality would subvert FOIA’s disclosure mandate”]).
 

 
 *568
 
 The intervenors’ other arguments have been considered and found to be without merit.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.
 

 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order reversed, etc.