■ CROUSE-IRVING MEMORIAL HOSPITAL, INC., Respondent, v HENRY F. CHARTIER et al., Appellants. (Appeal No. 2.)—Motion granted and appeal unanimously dismissed, without costs. Same memorandum as in *Crouse-Irving Mem. Hosp. v Chartier* ([appeal No. 1] 125 AD2d 971 [decided herewith]). (Appeal from order of Supreme Court, Onondaga County, Lynch, J.—resettle.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.

■ RAYMOND M. GIBBONS, JR., et al., Respondents, v COMMON COUNCIL OF THE CITY OF BUFFALO et al., Appellants.—Judgment unanimously affirmed, without costs, for reasons stated at Special Term, Flaherty, J. (Appeals from judgment of Supreme Court, Erie County, Flaherty, J.—declaratory judgment.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.

■ P.J. GARVEY CARTING & STORAGE, INC., Appellant, v COUNTY OF ERIE et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff, an unsuccessful bidder on the 1984 contract to transport and deliver voting machines for defendants, brought this action for money damages, claiming a loss due to the unauthorized use and release of its prior "route list" by defendants in solicitation for bids. Plaintiff submitted this list to defendants in 1983 for use in loading the machines onto plaintiff's trucks for transportation to election districts. The route list does not constitute a trade secret *(see, Eagle Comtronics v Pico, Inc.,* 89 AD2d 803, *lv denied* 58 NY2d 547) as it can be created by any knowledgeable person in the moving business. The affidavit of plaintiff's competitor (Wilson) attests to this conclusion. Thus, the complaint was properly dismissed pursuant to CPLR 3211 (a) (7). In our view, the Freedom of Information Law (Public Officers Law art 6) has no application to plaintiff's complaint as the "route list" prepared by the plaintiff is not a document within the statutory definition of a "record" *(see,* Public Officers Law § 86 [4]; *Matter of Washington Post Co. v New York State Ins. Dept.* 61 NY2d 557, 565). (Appeal from order of Supreme Court, Erie County, Wolf, J.—dismiss complaint, summary judgment.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.