■ In the Matter of DJL RESTAURANT CORP., Appellant, v DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK et al., Respondents. [710 NYS2d 564] —Orders, Supreme Court, New

York County (Franklin Weissberg, J.), entered April 20, 1999 and April 26, 1999, respectively, denying petitioner's applications seeking review of respondents' denials of petitioner's requests for documents under the Freedom of Information Law (FOIL), unanimously reversed, on the law, without costs, and the matter remitted for an in camera inspection of the subject documents.

Respondent Department of Buildings partially denied, claiming statutory exemptions (see, Public Officers Law § 87 [2]), petitioner's FOIL requests seeking various types of documents regarding enforcement of new zoning restrictions. An administrative appeal ensued, pursuant to which additional documents were disclosed, including some prepared after the FOIL request. However, respondent continued to claim that internally generated handwritten notes relating to the zoning amendment, and lists of establishments intended for enforcement, were exempt. Additional FOIL requests followed, seeking all subsequently prepared records. The present CPLR article 78 proceeding ensued, in which petitioner seeks production of the demanded records, or a particularized justification for denying the requests, issued on a document-by-document basis, including a reasonable identification of the person who prepared the document, the addressee and each actual recipient thereof, and the title and a general summary of the contents of each document. In the alternative, petitioner seeks in camera review of the documents being withheld. The motion court organized the documents into eight different categories, correlating with statutory exemptions, found that the explanations were sufficiently particular to establish the validity of the exemptions, and upheld the agency's action as to each category. The court also found that a document-by-document explanation for denial was unnecessary.

Under FOIL, any person may request and receive documents kept by a government agency unless they are statutorily exempted from disclosure (Matter of Citizens for Alternatives to Animal Labs v Board of Trustees, 92 NY2d 357, 362). The burden rests on the agency to demonstrate the applicability of an exemption (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275), which requires a particularized and specific justification for denying access to demanded documents (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566) that is more than a "blanket" exemption (Matter of Gould v New York City Police Dept., supra; Matter of Brown v New York City Police Dept., 264 AD2d 558, 560). Affidavits merely repeating the statutory phrasing of an exemp-

tion are insufficient to establish the requirement of particularity (*Brown v Town of Amherst*, 195 AD2d 979, 980). When an agency claims a FOIL exemption that cannot be evaluated on the basis of the documentation submitted on the motion, an in camera inspection is an appropriate, and likely necessary, method for the court to evaluate whether the exemption is applicable (*Matter of Fink v Lefkowitz*, 47 NY2d 567, 571), in that the court may then balance the right of access against the agency's interest in nondisclosure, without the contents of the documents being compromised prior to the ruling (*Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 349, *lv dismissed* 94 NY2d 791). The record presented to us is unclear as to whether these various records warrant application of the exemption under the Public Officers Law. Hence, we remand for the motion court's particularized findings after its in camera inspection. Concur—Williams J. P., Tom, Mazzarelli and Buckley, JJ.