[760 NYS2d 431]

In the Matter of City of Newark et al., Appellants, v Law Department of the City of New York et al., Respondents. Deloitte & Touche LLP, Intervenor-Respondent.

First Department, May 15, 2003

## APPEARANCES OF COUNSEL

*Leonard H. Berkeley* of the New Jersey Bar, admitted pro hac vice, and *Ronald S. Herzog* of counsel (*Richard L. Rudin* and *Raymond M. Brown* on the brief; *Weiner Lesniak, Jackson & Nash, LLP* and *Brown & Brown, P.C.*, attorneys), for appellants.

*Drake A. Colley* of counsel (*Edward F.X. Hart* on the brief; *Michael A. Cardozo, Corporation Counsel*, New York City, attorney), for respondents.

*Michael J. Dell* of counsel (*Megan P. Davis* on the brief; *Kramer Levin Naftalis & Frankel LLP*, attorneys), for intervenor-respondent.

## OPINION OF THE COURT

FRIEDMAN, J.

This appeal presents the issue of whether a confidentiality order issued by an arbitration panel can override the public's right of access to government records under the Freedom of Information Law ([FOIL] Public Officers Law § 84 *et seq.*). We hold that such a confidentiality order does not override FOIL. However, the petition cannot be either granted or denied on the present undeveloped record, which does not afford a basis for determining the extent to which FOIL's exemptions from disclosure apply to the requested records, and we therefore remand for further proceedings.

Respondent City of New York (NYC) is engaged in an arbitration against the Port Authority of New York and New Jersey (the NYC Arbitration), in which NYC alleges that the Port Authority has underpaid the rent due NYC under the Port Authority's lease of LaGuardia and John F. Kennedy International Airports. At the same time, petitioner City of Newark is engaged in a separate arbitration against the Port Authority (the Newark Arbitration), in which Newark makes similar claims based on the Port Authority's alleged underpayment of the rent due Newark under the lease of Newark Liberty

International Airport. The two arbitrations, each of which is before a different panel of accountant-arbitrators, raise similar issues in that each lease contains similar provisions for the calculation of rent based on operational revenues, and each municipality claims that the Port Authority has underpaid rent based on understatements of such revenues.

The present intercity dispute has its origin in a December 2001 order of the panel hearing the Newark Arbitration (the Newark Panel) that directed the Port Authority to disclose to Newark all documents relating to the NYC Arbitration. Thereafter, the panel hearing the NYC Arbitration (the NYC Panel) issued an order dated February 21, 2002, which designated as confidential for the duration of the NYC Arbitration all documents filed or exchanged therein. In response to the NYC Panel's confidentiality order, the. Newark Panel modified its order for the disclosure of NYC Arbitration documents to provide that the Port Authority was required to disclose only those documents used in the NYC Arbitration that the Port Authority itself had generated.

Its ability to obtain NYC Arbitration documents from the Port Authority having been stymied by the Newark Panel's deference to the NYC Panel's confidentiality order, Newark sought to obtain the same documents from NYC by invoking FOIL. By letter dated April 17, 2002, Newark requested that NYC disclose, in essence, all documents that had been filed with the NYC Panel, exchanged between NYC and the Port Authority, or obtained by NYC from the Port Authority's outside auditor, Deloitte & Touche LLP (D&T), in connection with the NYC Arbitration, as well as transcripts of all hearings and depositions conducted in the NYC Arbitration. By letter dated May 13, 2002, NYC denied this request in its entirety on the ground that NYC was "prohibited from disclosing records which are part of the arbitration process pursuant to an order of the NYC Arbitration panel." In addition, NYC made a blanket assertion that all responsive records were exempt from disclosure under either: (1) Public Officers Law § 87 (2) (a), as attorney-client communications, attorney work product, or material prepared for litigation; (2) Public Officers Law § 87 (2) (d), as trade secrets; or (3) Public Officers Law § 87 (2) (g), as exempt inter-agency or intra-agency materials.

Newark subsequently submitted a second FOIL request to NYC, dated June 3, 2002, which sought copies of all communications received by NYC from third parties concerning the April request. By letter also dated June 3, 2002, NYC

denied the second request on the ground that the only third-party communication NYC had received concerning the prior request was a letter from D&T's attorney on which Newark had been copied.

After the denials of Newark's FOIL requests were upheld on administrative appeal, Newark, as well as its Mayor and the members of its Municipal Council in their individual and official capacities, commenced this proceeding under CPLR article 78, seeking to compel disclosure of the requested documents. NYC opposed the petition on the same grounds it had invoked to deny the requests. D&T, the Port Authority's outside auditor, sought and was granted leave to intervene in the proceeding to oppose disclosure of documents it had produced to NYC in the NYC Arbitration under a confidentiality agreement. D&T contended that such documents, which it had created in connection with its audits of the Port Authority, were exempt from disclosure under Public Officers Law § 87 (2) (d) because they contained D&T trade secrets, whose disclosure would harm D&T's competitive position.

The judgment appealed from denied the petition in its entirety. The IAS court, without discussing the particular FOIL exemptions NYC and D&T had invoked, held that the confidentiality order issued by the NYC Panel rendered all documents sought by Newark's first request exempt from disclosure under FOIL. The court's decision did not address the second request. Newark having appealed, we now reverse and remand for further proceedings to determine the extent to which the requested documents are subject to FOIL's statutory exemptions (Public Officers Law § 87 [2]).

At the outset, we note that the fact that documents in the hands of the government have been created or obtained solely as the result of an arbitration does not ipso facto render such documents immune from FOIL disclosure. Under FOIL, "[a]ll government records are presumptively open for public inspection unless specifically exempted from disclosure as provided in the Public Officers Law" (*Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]). FOIL defines a "Record" subject to its provisions as "any information kept, held, filed, produced or reproduced by, with or for an agency * * * in any physical form whatsoever" (Public Officers Law § 86 [4]). All documents falling within this broad definition are under FOIL's purview (although potentially subject to a statutory exemption) regardless of "the function or purpose for which [such records] are generated or held" (*Matter of Citizens for*

*Alternatives to Animal Labs v Board of Trustees*, 92 NY2d 357, 361 [1998]; *see also Matter of Capital Newspapers v Whalen*, 69 NY2d 246, 253 [1987]), and regardless of the fact that the documents may have originated outside a government agency subject to FOIL (*see Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 565 [1984]; *see also Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359, 361, 363 [2002]).

Further, "the status, need, good faith or purpose of the applicant" is irrelevant to the availability of records under FOIL (*Matter of Scott, Sardano & Pomeranz v Records Access Officer*, 65 NY2d 294, 296 [1985], citing *Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 79-80 [1984]).[1] In particular, it is of no consequence that the records may be sought for purposes of litigation, even litigation against the agency to which the request is directed (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]; *Farbman & Sons*, 62 NY2d at 78, 80-81; *Matter of John P. v Whalen*, 54 NY2d 89, 99 [1981]). Thus, whether NYC must disclose to Newark the arbitration-related records in question depends on the applicability of FOIL's statutory exemptions (*see* Public Officers Law § 87 [2]; *see also Washington Post*, 61 NY2d at 566).

Notwithstanding that the documents in question are "records" within the scope of FOIL, the IAS court denied the petition based on its view, which NYC and D&T propound on appeal as their primary argument for affirmance, that the arbitrators hearing the NYC Arbitration had the power to cut off the public's right to FOIL disclosure of all arbitration-related documents, without regard to the applicability of any particular statutory exemption. This view is erroneous. None of the exemptions from disclosure under Public Officers Law § 87 (2) was triggered by the NYC Panel's confidentiality order; indeed, no contention to the contrary has been made either by the IAS court or by the parties opposing disclosure. In this regard, we observe that none of the statutory exemptions empowers a government agency to immunize a document from FOIL disclosure by designating it as confidential, either unilaterally or by agreement with a private party (*see Washington Post*, 61 NY2d at 565, 567). Since NYC itself has no power

---

1. In view of the principle that a FOIL applicant's status has no bearing on the viability of the application, reiterated by the Court of Appeals in *Matter of Daily Gazette Co. v City of Schenectady* (93 NY2d 145, 156 [1999]), we reject D&T's argument that Newark, as a foreign governmental entity, lacks standing under FOIL.

to immunize the records in question from FOIL disclosure, it follows that the NYC Panel, which derives its powers from NYC's agreement to arbitrate, has no such power, either.[2]

In support of their argument that the NYC Panel's confidentiality order overrides FOIL, NYC and D&T cite federal authority holding that a document may be immunized from disclosure under the corresponding federal Freedom of Information Act (FOIA) by a federal court's confidentiality order (*see GTE Sylvania, Inc. v Consumers Union of U.S., Inc.*, 445 US 375 [1980]; *City of Hartford v Chase*, 942 F2d 130 [1991]; *Federal Deposit Ins. Corp. v Ernst & Ernst*, 677 F2d 230 [1982]). Noting that FOIA provided the model for FOIL (*see Matter of Encore College Bookstores v Auxiliary Serv. Corp.*, 87 NY2d 410, 418 [1995]), NYC and D&T argue that, since a court could immunize litigation-related documents from FOIL disclosure, arbitrators should be able to do the same thing in order to facilitate the determination or settlement of an arbitration. We disagree.

Whether a court of this State would have the power to enter an order immunizing from FOIL documents filed, generated or exchanged in litigation before it, is not a question presented in this case, and we therefore decline to address it. Even if it is assumed, however, that a court would have such power, it does not follow that arbitrators would have similar power. While the power of a court derives from the State's Constitution and laws, "[a]rbitration * * * is a matter of consent, not coercion" (*Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 182 [1995], quoting *Volt Information Sciences, Inc. v Board of Trustees of Leland Stanford Jr. Univ.*, 489 US 468, 479 [1989]). Because the power of the arbitrators on the NYC Panel derives solely from the arbitration agreement between NYC and the Port Authority, the NYC Panel has no power to affect the rights of those, like Newark, who are strangers to that agreement. Accordingly, the NYC Panel's confidentiality order cannot be given effect to the extent it purports to cut off the public's rights under FOIL.

We now reach the issue of the applicability of the statutory FOIL exemptions NYC and D&T have invoked (Public Officers Law § 87 [2] [a], [d], [g]). That issue cannot, however, be resolved on the present record. NYC, which has the burden of demonstrating the applicability of an exemption from disclosure

---

2. While it might be contended, as a matter of policy, that an arbitration panel's confidentiality order should override FOIL, that argument should be directed to the Legislature.

(*see Newsday*, 98 NY2d at 362), withheld all of the requested records on the basis of a blanket invocation of three statutory exemptions, without enumerating or describing any of the documents withheld and without offering a specific basis for any of the claims of exemption. This falls short of the showing FOIL requires to establish the applicability of an exemption, namely, the "articulat[ion of] a particularized and specific justification for denying access" (*Matter of Capital Newspapers v Burns*, 67 NY2d 562, 566 [1986]). As we have said before, "[a]ffidavits merely repeating the statutory phrasing of an exemption are insufficient to establish the requirement of particularity" (*Matter of DJL Rest. Corp. v Department of Bldgs.*, 273 AD2d 167, 168-169 [2000]). Accordingly, we remand this matter for further proceedings to determine the extent to which the requested records fall within FOIL's statutory exemptions. If this cannot be determined based on NYC's and D&T's submissions, the IAS court should make its determination after conducting an in camera review of the requested documents (*see e.g. Gould*, 89 NY2d at 275; *Farbman & Sons*, 62 NY2d at 83; *Washington Post*, 61 NY2d at 567; *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]; *DJL Rest. Corp.*, 273 AD2d at 169; *Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 349 [1999], *lv dismissed* 94 NY2d 791 [1999]).

In determining the extent to which FOIL requires disclosure of the records requested by Newark, it should be borne in mind that, just as a document that would otherwise be subject to disclosure under FOIL does not become exempt by virtue of a connection to the NYC Arbitration, an otherwise exempt document does not lose its exemption by virtue of a connection to the arbitration (*cf. John P. v Whalen*, 54 NY2d at 99 [standing of FOIL applicant "is neither enhanced * * * nor restricted * * * because he is also a litigant or potential litigant" (citations omitted)]). Thus, documents produced by D&T to NYC in connection with the NYC Arbitration are exempt from disclosure under Public Officers Law § 87 (2) (d) to the extent such documents contain trade secrets of D&T or other proprietary information whose disclosure would cause substantial injury to D&T's competitive position. Similarly, to the extent inter-agency or intra-agency materials exempt from disclosure under Public Officers Law § 87 (2) (g) were produced or filed by NYC in the arbitration, the exemption of such materials would not have been lost by virtue of such production or filing.

Finally, we find that the petitioners other than Newark (comprising Newark's Mayor and the members of its Municipal

Council, in their individual and official capacities) lack standing to maintain this proceeding because the underlying FOIL requests were not made on their behalf (*see* Public Officers Law § 89 [4] [b]). The judgment should therefore be affirmed to the extent it denied the petition insofar as brought by the individual petitioners.

Accordingly, the judgment of the Supreme Court, New York County (William Wetzel, J.), entered October 31, 2002, which denied the CPLR article 78 petition seeking to compel respondents to disclose certain documents pursuant to FOIL, should be modified, on the law, to reinstate the petition insofar as brought by the City of Newark, the matter remitted for further proceedings to determine which requested documents, if any, must be produced to the City of Newark, and which requested documents, if any, are exempt from disclosure under Public Officers Law § 87 (2), and otherwise affirmed, without costs.

SULLIVAN, J.P., LERNER and GONZALEZ, JJ., concur.

Judgment, Supreme Court, New York County, entered October 31, 2002, modified, on the law, to reinstate the petition insofar as brought by the City of Newark, the matter remitted for further proceedings to determine which requested documents, if any, must be produced to the City of Newark, and which requested documents, if any, are exempt from disclosure under Public Officers Law § 87 (2), and otherwise affirmed, without costs.