Matter of Cuddy Law Firm, P.L.L.C. v New York City Dept. of Educ. (2021 NY Slip Op 01121)





Matter of Cuddy Law Firm, P.L.L.C. v New York City Dept. of Educ.


2021 NY Slip Op 01121


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 150011/19 Appeal No. 13168 Case No. 2020-00851 

[*1]In the Matter of Cuddy Law Firm, P.L.L.C., Petitioner-Appellant,
v
New York City Department of Education et al., Respondents-Respondents.


Cuddy Law Firm, P.L.L.C., Auburn (Benjamin M. Kopp of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about October 28, 2019, which denied the petition to direct respondent New York City Department of Education (DOE) to produce complete electronic copies of records requested in petitioner's two Freedom of Information Law (FOIL) requests, as well as costs and fees, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to the extent of remanding the matter for an in camera inspection of the subject documents and for a hearing as to whether producing all of the timesheets requested by petitioner would place an undue burden on respondents, and otherwise affirmed, without costs.
The court properly determined that DOE did not constructively deny petitioner's first FOIL request (see 21 NYCRR 1401.5[d]).
Under FOIL, any person may request and receive documents kept by a government agency, unless they are statutorily exempted from disclosure, and the burden rests on the agency to demonstrate the applicability of an exception (see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 224-225 [2018]). Here, the record does not establish how the unspecified litigation records, as well as the hearing and 10-day numbers requested by petitioner, if redacted, would allow a person in the school community to identify students with reasonably certainty (see Public Officers Law § 87[2][a], [b]; 34 CFR § 99.3). Accordingly, we remand for an in camera review of the documents and numbers to evaluate whether the exceptions are applicable (see Matter of DJL Rest. Corp. v Department of Bldgs. of City of N.Y. , 273 AD2d 167, 169 [1st Dept 2000]).
Petitioner also requested that DOE provide timesheets from the relevant time period. DOE denied that request on the basis that the documents were not centrally stored or tracked consistently throughout the entire requested period, and that production would constitute an undue burden. Upon remand, the court should determine whether DOE would be unduly burdened if required to produce the timesheets (see generally Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 161-162 [1st Dept 2010]).
The court properly determined that petitioner failed to exhaust its administrative remedies concerning its second FOIL request (see Matter of Tellier v New York City Police Dept., 267 AD2d 9, 10 [1st Dept 1999]).
Since this matter is being remanded for a determination of whether the cited FOIL exemptions apply and whether producing any timesheets would create an undue burden, we do not address petitioner's contention that it substantially prevailed in the FOIL proceeding for purposes of Public Officers Law § 89[4][c]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021