**Legal Aid Socy., Inc. v City of New York Police Dept.**

2025 NY Slip Op 30177(U)

January 17, 2025

Supreme Court, New York County

Docket Number: Index No. 151910/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

PART **47**

-----------------------------------------------------------------------------X

THE LEGAL AID SOCIETY, INC.,JESSE KROPF

Petitioner,

- v -

CITY OF NEW YORK POLICE DEPARTMENT, JORDAN S. MAZUR,

Respondent.

-----------------------------------------------------------------------------X

INDEX NO. 151910/2024

MOTION DATE 03/01/2024

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

Petitioners, The Legal Aid Society, Inc. ("Legal Aid") and Jesse Kropf, petition the court

pursuant to CPLR § 7806 seeking an order directing respondent, City of New York Police

Department ("NYPD") to disclose records sought by petitioners under the New York Freedom of

Information Law, Public Officers Law §§ 84-90 ("FOIL"). Legal Aid argues that NYPD has not

fully responded to the FOIL request, that there are outstanding records that have not been

provided, and that the records they have been provided were improperly redacted. Legal Aid

further argues that it is entitled to attorney's fees pursuant to NY PUB OFF § 89(4) because

NYPD had no reasonable basis for denying it the records sought. NYPD cross-moves pursuant to

CPLR § 7804(f) to dismiss Legal Aid's Article 78 petition. NYPD argues that it has complied

with its statutory duty under FOIL and have provided all responsive non-exempt records.

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

**Page 1 of 11**

1 of 11

## BACKGROUND

Legal Aid is a nonprofit legal services organization serving the New York City area that provides criminal defense, civil, juvenile rights, and pro bono legal services (NYSCEF Doc No 1 ¶ 2). Jesse Kropf, the Supervising Attorney of the Discovery Unit at Legal Aid submitted a FOIL request on behalf of Legal Aid on June 12, 2023 to the NYPD (*id*. at ¶ 1 – 3; *see also* NYSCEF Doc No 6). The FOIL request sought information regarding the NYPD's Enterprise Case Management System ("ECMS"), which is a digital case management system used by NYPD to organize and share case files and documents across NYPD (NYSCEF Doc No 6). Specifically, Legal Aid requested "the most recent version of any training material related to the use of the [ECMS] software [specifically] all training materials for all types of employees, including but not limited to: Administrative Staff, Information Technology Staff, Police Officers, Detectives, and Unit Commanders" (*id*.).

On June 15, 2023, NYPD acknowledged the request and informed Legal Aid that it could expect a response by October 27, 2023 (NYSCEF Doc No 7). On October 15, 2023 NYPD provided Legal Aid with a 43 page partially redacted file and closed the request (NYSCEF Doc No 8). On October 20, 2023, Legal Aid appealed NYPD's production to the Records Appeal Officer as "not fully responsive to the June 12, 2023 request because it does not provide all of the material requested" (NYSCEF Doc No 9). Legal Aid argued that the production was not fully responsive for three reasons.

First, it argued that the materials provided were incomplete as the training materials provided were only intended as instructions to supervisors on how to "generate reports for cases assigned to a specific detective, unit, or precinct" (*id*.). Legal Aid clarified that NYPD failed to disclose "[t]raining materials provided to precinct level detectives on how to create [entries into

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

ECMS] during an investigation" (*id*). Legal Aid further requested training materials provided to 28 specialized NYPD units on how to create ECMS entries (*id*). Additionally, Legal Aid requested "[t]raining Materials provided to patrol officers, administrative staff, or IT professionals on the operation of ECMS" (*id*.).

Second, Legal Aid noted that the October 15, 2023 production referred to other training materials which were not actually included within that production (*id*). For example a portion of the production referenced "User Manuals" that officers using the software could access but the production did not include the user manuals themselves (NYSCEF Doc No 9 at p 34 ¶ 19[a]).

Finally, Legal Aid objected that the materials produced were from 2009 when Legal Aid requested the most recent versions of training materials used by NYPD (*id*.). Legal Aid noted that the ECMS system was reported to have been updated multiple times since 2009 and requested the most recent copies of training documents associated with those software updates (*id*.).

NYPD responded to Legal Aid's' appeal on November 2, 2023 (NYSCEF Doc No 15). NYPD objected to the breadth of Legal Aid's appeal arguing that "the request is too broad and does not reasonably describe a record in a manner that could lead to its retrieval" (NYSCEF Doc No 15). Notwithstanding its objection, NYPD conducted a search and provided an additional 960 pages of records (*id*.). According to NYPD, portions of these records were redacted pursuant to NY PUB OFF §§ 87(2)(b); 89(2)(b); 87(2)(i); and 87(2)(a); as well as Criminal Procedure Law §160.50 (*id*.). NYPD also disclosed 272 pages, with redactions pursuant to POL § 87(2)(e)(iv), that consisted of "Patrol Guide Procedure number 212-75," "69 Detective Guide sections," and "Operations Order 45 of 2013" (*id*.).

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE**
**DEPARTMENT ET AL**
**Motion No.  001**

**Page 3 of 11**

3 of 11

[* 3]

Finally, NYPD also informed Legal Aid that it identified "four NYPD-created ECMS training presentations specifically detailing how to investigate stolen property and narcotics matters, document debriefings, and conduct specific computer checks" but they had been withheld in their entirety pursuant to NY PUB OFF § 87(2)(e)(iv). NYPD further stated "that no other records related to this matter were located" (*id*.).

Finally, after Legal Aid initiated this proceeding, NYPD provided additional disclosure on July 29, 2024 providing three slideshows that were partially redacted (NYSCEF Doc No 35).

## **BACKGROUND**

*Legal Standard for Judicial Review of a FOIL Request*

NY PUB OFF § 87(2) provides that agencies "make available for public inspection and copying all records, except those records or portions thereof that may be withheld pursuant to the exceptions of rights of access appearing in this subdivision." "[T]he purpose of FOIL is 'to promote open government and public accountability' with the law imposing 'a broad duty on government to make its records available to the public'" (*Tuck-It-Away Assoc., L.P. v Empire State Dev. Corp.*, 54 AD3d 154, 162 [1st Dept 2008]). "All government records are presumptively open for public inspection unless specifically exempted" (*Matter of Fappiano v New York City Police Dept*., 95 NY2d 738, 746 [2001]).

Judicial review of a FOIL request is subject to an Article 78 review under CPLR § 7803 and is limited to a determination of whether the agency's denial "was affected by an error of law" (*Mulgrew v Bd. of Educ. of City School Dist. of City of New York*, 87 AD3d 506, 507 [1st Dept 2011]).

When an agency does not provide requested documents under FOIL, "Public Officers Law § 89(3) requires the agency to 'certify that it does not have possession of [a requested]

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

**Page 4 of 11**

4 of 11

record or that such record cannot be found after [a] diligent search'" (*Rattley v New York City Police Dept.*, 96 NY2d 873 [2001]). If an agency claims that a requested record is subject to an exemption from disclosure they must provide a particularized and specific justification for denying access (*City of Newark v Law Dept. of City of New York*, 305 AD2d 28 [1st Dept 2003]). "Exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]).

While the burden of proof for justifying an exception lies with the agency, when a petitioner challenges an agency's claim that there are no further responsive documents, a petitioner is "required to articulate a demonstrable factual basis to support his contention that the requested documents existed and were within the [agency's] control" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 279 [1996]).

*Withheld Trainings*

Legal Aid argues that NYPD has not met its burden under *Hearst* of "articulating a particularized and specific justification for denying access" to the four additional NYPD- created ECMS training presentations which were withheld in their entirety. NYPD argues that these were properly withheld pursuant to NY PUB OFF § 87(2)(e)(iv).

NY PUB OFF § 87(2)(e)(iv) states:

> (2) Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except those records or portions thereof that may be withheld pursuant to the exceptions of rights of access appearing in this subdivision. A denial of access shall not be based solely on the category or type of such record and shall be valid only when there is a particularized and

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

**Page 5 of 11**

5 of 11

specific justification for such denial. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:

…

(e) are compiled for law enforcement purposes only to the extent that disclosure would:

(iv) reveal criminal investigative techniques or procedures, except routine techniques and procedures;

"The purpose of this exemption is [to ensure] that violators of the law not be apprised of the nonroutine procedures by which an agency obtains its information" (*Fink v Lefkowitz*, 47 NY2d 567, 572 [1979]). "Indicative, but not necessarily dispositive, of whether investigative techniques are nonroutine is whether disclosure of those procedures would give rise to a substantial likelihood that violators could evade detection by deliberately tailoring their conduct in anticipation of avenues of inquiry to be pursued by agency personnel" (*id.*).

In *Grabell v New York City Police Dept.*, the First Department held that the NYPD properly utilized this exception by refusing to turn over records regarding the use, deployment, procedures, and training materials of NYPD owned, Z–backscatter vans, which are mobile X–ray units that scan vehicles or buildings for evidence of explosives, drugs and other materials (*Grabell v New York City Police Dept.*, 139 AD3d 477 [1st Dept 2016]). The Court determined that the NYPD "articulated a 'particularized and specific justification for not disclosing' these records … [by] submit[ing] an affidavit of … NYPD's Deputy Commissioner of Counterterrorism, who averred that … releasing [the records] would undermine [the vans'] deterrent effect, hamper NYPD's counterterrorism operations, and increase the likelihood of another terrorist attack" (*id.* at 478).

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

**Page 6 of 11**

6 of 11

[* 6]

Here, NYPD argues that disclosure of the requested trainings that have been withheld in their entirety would provide criminals with a roadmap on how to avoid detection and undermine NYPD investigation strategies. "Where an agency's response to a FOIL petition is sufficient, a court need not burden itself by conducting either a hearing or an in camera inspection of the records that the agency contends are exempt from production" (*Matter of Robert v LoCicero*, 28 AD3d 566, 567 [2d Dept 2006]). While some of the withheld training material may be subject to the NY PUB OFF 87(2)(e)(iv) exception, since the records were completely withheld "it cannot be determined whether the [withheld] material falls wholly or only partially within that exemption" (*Gedan v Town of Mamaroneck*, 170 AD3d 833, 834 [2d Dept 2019]). "When an agency claims a FOIL exemption that cannot be evaluated on the basis of the documentation submitted on the motion, an in camera inspection is an appropriate, and likely necessary, method for the court to evaluate whether the exemption is applicable" (*DJL Rest. Corp. v Dept. of Bldgs. of City of New York*, 273 AD2d 167, 169 [1st Dept 2000]; *see also Hudson Val. Community Coll. Faculty Assn., Inc. v Hudson Val. Community Coll.,* 218 NYS3d 896, 901 [Sup Ct 2024] ["If the court is unable to determine whether withheld documents fall entirely within the scope of the asserted exemption, it should conduct an in camera inspection of [the] documents and order disclosure of all nonexempt, appropriately redacted material"]).

Therefore, NYPD will be directed to submit the withheld training materials to the court for an *in camera* inspection and the court will issue an order directing disclosure of any, non-exempt material after the inspection.

*Redacted Documents*

Legal Aid also argue that some of the material that was provided contained improper redactions that were not specifically particularized. NYPD argues that the redactions were proper

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL
Motion No.  001**

**Page 7 of 11**

7 of 11

pursuant to NY PUB OFF §§ 87(2)(b), 89(2)(b), 87(2)(e)(i), (e)(iv), (f),(i), (a), and Criminal

Procedure Law §160.50. NY PUB OFF §§ 87(2)(e)(i) and (e)(iv), as discussed above exempts

disclosure when disclosure would interfere with ongoing investigations or reveal non-routine

procedures. NY PUB OFF §§ 87(2)(b) and 89(2)(b) exempts disclosure when disclosure would

constitute an invasion of personal privacy. NY PUB OFF § 87(2)(f) exempts disclosure when

disclosure would endanger the life or safety of persons (including victims, witnesses, suspects

and police officers). NY PUB OFF § 87(2)(i) exempts disclosure when disclosure would

jeopardize the agency's security of its information technology. And finally, NY PUB OFF §

87(2)(a) and CPL § 160.50 prevents the release of sealed records.

"Where an exemption is claimed, the burden lies with the agency to articulate

particularized and specific justification, and to establish that the material requested falls squarely

within the ambit of [the] statutory exemptions." (*M. Farbman & Sons, Inc. v New York City

Health and Hosps. Corp.*, 62 NY2d 75, 83 [1984]). "[M]erely repeating the statutory phrasing of

an exemption are insufficient to establish the requirement of particularity" (*DJL*, 273 AD2d at

168-69). Here, while the NYPD annexed to its moving papers the records that were provided to

Legal Aid and generally stated the exceptions that where the basis for the redactions, it failed to

indicate which exception applied to each redaction. Consequently, an *in camera* review of the

unredacted records is necessary and NYPD will be directed to provide both an unredacted copy

and a redacted copy, noting the exception that applies to each redaction (s*ee New York Civ.

Liberties Union v New York City Dept. of Correction*, 213 AD3d 530, 531 [1st Dept 2023], lv to

appeal denied, 40 NY3d 909 [2024] ["The court also properly required that [the agency]

sufficiently document its justification for redactions, to facilitate potential in camera review"]).

151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE
DEPARTMENT ET AL
Motion No.  001

Page 8 of 11

8 of 11

*Additional Records / Diligent Search*

Legal Aid also argues that it is entitled to an evidentiary hearing it has demonstrated that additional responsive records to its request likely exist despite NYPD's certification to the contrary. NYPD contends that it has provided all responsive records following a diligent search.

An agency's obligation under FOIL pursuant to NY PUB OFF § 89(3) states that "the entity shall provide a copy of such record and certify to the correctness of such copy if so requested, or as the case may be, shall certify that it does not have possession of such record or that such record cannot be found after diligent search." When an agency certifies that it performed a diligent search and provided all responsive records, the entity requesting the documents may "be entitled to a hearing on the issue where he or she can articulate a demonstrable factual basis to support the contention that the requested documents existed and were within the entity's control" (*Matter of Oddone v Suffolk County Police Dept.*, 96 AD3d 758, 761 [2d Dept 2012]). A petitioner may satisfy this "demonstrable factual basis" by pointing to references to such records by agency officials, and unexplained absences for records that would be produced in the course of ordinary business (*see Binghamton Precast & Supply Corp. v New York State Thruway Auth.*, 196 AD3d 944 [3d Dept 2021] [a letter from agency Comptroller referencing certain records was sufficient basis to order a hearing]).

Here, however, Legal Aid has failed to meet its burden of articulating a "demonstrable factual basis" that requested documents exist in the agency's control but were not produced. While Legal Aid argues that it is inconceivable that the most recent training material for the ECMS system is from 2019, it fails to point to any evidence indicating that any more current versions of the material exist. While Legal Aid notes public statements made by NYPD officials describing NYPD as "the most technologically advanced police department in the nation" that

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

**Page 9 of 11**

9 of 11

[* 9]

"utilizes cutting-edge technology and equipment" (*Technology and Equipment, NYPD*, https://www.nyc.gov/site/nypd/about/about-nypd/equipment-and-tools.page [accessed Jan. 14, 2025]), unlike the statement in *Binghamton* this generic statement does not directly reference any material that was withheld from disclosure.

Further, while Legal Aid contends that it is likely that NYPD creates training material specifically designated for specialized units which NYPD has not provided, and that the specialized unit materials it has provided are out of date, an unsupported assertion that the materials are out of date is insufficient to trigger an evidentiary hearing (*see Grabell v New York City Police Dept.,* 139 AD3d 477 [1st Dept 2016]). Therefore, an evidentiary hearing will not be held.

*Attorney's Fees*

Public Officers Law § 89[4][c][ii] states that a court "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access." The mandatory language "evinces an unmistakable legislative intent that attorney's fees are to be assessed against an agency when the other party has substantially prevailed" (*Rauh v de Blasio*, 161 AD3d 120, 127 [1st Dept 2018]). A "petitioner substantially prevail[s] when [the agency], during the pendency of [a] proceeding, disclose[s] … records sought in the FOIL request (*Dioso Faustino Freedom of Info. Law Request v New York City*, 191 AD3d 504, 505 [1st Dept 2021]).

Here, while an *in camera* review may result in Legal Aid being provided with more documents, it has already substantially prevailed because during the pendency of this proceeding NYPD disclosed additional records (NYSCEF Doc No 35). Therefore, Legal Aid is entitled to its

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

**Page 10 of 11**

10 of 11

[* 10]

reasonable attorney's fees but, because proceedings are ongoing, an attorney's fees determination will be made on submission after the *in camera* review.

Accordingly, it is,

ORDERED that the petition is granted to the extent that the NYPD is directed to submit for *in camera* review, the documents withheld in their entirety, and the unredacted version of the documents provided to Legal Aid along with the redacted documents indicating the basis for each redaction; and it is further

ORDERED that NYPD shall deliver the records to the Part within 30 days of entry of this order; and it is further

ORDERED that Legal Aid's request for an evidentiary hearing is denied.

20250117171117PGOETZC20E0B3DBC9242729679C4CCFAF6366E

| 1/17/2025 | | PAUL A. GOETZ, J.S.C. |
|-----------|---|------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151910/2024   THE LEGAL AID SOCIETY, INC. ET AL vs. CITY OF NEW YORK POLICE DEPARTMENT ET AL**
**Motion No.  001**

[* 11]