**William Grey Law Off. PLLC v City of New York**

2025 NY Slip Op 30939(U)

March 24, 2025

Supreme Court, New York County

Docket Number: Index No. 159412/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**    PART    **11M**

*Justice*

-------------------------------------------------------------------------------X

WILLIAM GREY LAW OFFICE PLLC

Petitioner,

- v -

THE CITY OF NEW YORK S/H/A THE NEW YORK CITY
DEPARTMENT OF PROBATION,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159412/2024 |
| MOTION DATE | 10/09/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 16, 17, 18, 19, 27, 28, 29, 30, 31, 33

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

Upon the foregoing documents, the petition is remanded for Respondent to provide a

privilege log to Petitioner, and Petitioner is granted attorneys' fees.

**Background**

In June of 2024, the William Grey Law Office PLLC ("Petitioner") made a FOIL request

to the New York City Department of Probation ("Respondent") regarding medical exams for

individuals who had passed the Probation Officer Exam. The FOIL request had six categories of

documents. Two of them (the third and fourth categories) were denied by Respondent, citing the

inter-agency exemption to FOIL. Respondents denied being in possession of the fifth category of

documents and granted the other three requested categories. The two categories that were denied

requested 1) all written and electronic communications between employees of the New York

City Department of Probation and the New York City Police Department concerning the job

duties and responsibilities or essential requisites of the job for the title Probation Officer from

October 5, 2022 to present; and 2) a similar set of communications between the two agencies, but

159412/2024   WILLIAM GREY LAW OFFICE PLLC vs. THE CITY OF NEW YORK S/H/A THE NEW          Page 1 of 6
YORK CITY DEPARTMENT OF PROBATION
Motion No.  001

1 of 6

concerning how to conduct the medical review of persons who were being reviewed for employment pursuant to a specific Probation Officer exam number.

Petitioner then appealed the two denials and requested a certification for the search on the fifth category. Respondent's determination on the appeal upheld all three denials, and did not provide a certification on the fifth category. Petitioner brought the present timely Article 78 proceeding contesting that final determination, seeking a declaration that Respondent had acted unlawfully in withholding the documents and an order directing the Respondent to provide Petitioner with immediate access to the records. Respondent has answered and opposes the petition. Oral argument was held on March 21, 2025.

**Discussion**

Essentially, Petitioner argues that Respondent was required to redact the documents responsive to the two denied requests and turn over the redacted versions. Respondent argues that the requested docs constitute inter-agency pre-decisional advising and therefore they were not required to produce the documents. At oral argument, the parties agreed that Respondent would provide Petitioner with a privilege log regarding the contested documents, resolving the petition. The main point of contention remaining is whether Petitioner would be entitled to attorneys' fees in this matter. For the reasons that follow, Petitioner is entitled to attorneys' fees because they have substantially prevailed, and Respondent failed to articulate a reasonable basis for withholding the documents in question.

*Standard of Review*

In an Article 78 proceeding, a court "may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case [when] such person has substantially prevailed, and when the agency failed to respond to a

**159412/2024   WILLIAM GREY LAW OFFICE PLLC vs. THE CITY OF NEW YORK S/H/A THE NEW YORK CITY DEPARTMENT OF PROBATION**
**Motion No.  001**

Page 2 of 6

2 of 6

[* 2]

request or appeal within the statutory time." NY Pub. Off. Law § 89(4)(c)(i). But when a petitioner substantially prevails and "the court finds that the agency had no reasonable basis for denying access", the award of attorney's fees and costs is mandatory. NY Pub. Off. Law § 89(4)(c)(ii).

## *Petitioner Substantially Prevailed*

As a threshold issue, a petitioner must have substantially prevailed in order to be awarded attorneys' fees and costs under either prong of Section 89(4)(c). The Court of Appeals has held that even when an agency's redactions of provided documents is upheld as appropriate, a petitioner is considered to have substantially prevailed when the agency in question "made *no* disclosures, redacted or otherwise, prior to petitioner's commencement of this CPLR article 78 proceeding." *Matter of Madeiros v. New York State Educ. Dept.*, 30 N.Y.3d 67, 79 (2017); *see also Matter of Jaskaran v. City of New York*, 210 A.D.3d 428, 428 (1st Dept. 2022) (holding that it was undisputed that a petitioner substantially prevailed when during the pendency of an Article 78 proceeding, the requested FOIL records were produced with redactions); *Matter of Dioso Faustino Freedom of Info. Law Request v. New York City*, 191 A.D.3d 504, 504 (1st Dept. 2021)(adopting a Third Department holding that the voluntariness of disclosure of FOIL requested documents is "irrelevant to the issue of whether petitioner substantially prevailed"). Therefore, the issue becomes whether Respondent had a reasonable basis for withholding the redacted documents (in which case, a fee award would not be mandatory) or if they failed to respond to the appeal within the statutory time (in which case, a fee award would be discretionary).

## *Respondent Failed to Articulate a Reasonable Basis and Therefore Attorneys' Fees are Mandatory*

**159412/2024   WILLIAM GREY LAW OFFICE PLLC vs. THE CITY OF NEW YORK S/H/A THE NEW YORK CITY DEPARTMENT OF PROBATION**
**Motion No.  001**

Page 3 of 6

Respondent argues that their withholding of the requested documents under the inter-agency exemption to FOIL constituted a reasonable basis. The inter-agency exception is found in Pub. Off. Law § 87(2)(g) and exempts "inter-agency or intra-agency materials which are not (1) statistical or factual tabulations or data; (ii) instructions to staff that affect the public; (iii) final agency policy or determinations; (iv) external audits." One "pertinent consideration in determining whether the agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87(2) although the denial may still have been reasonable even if the records are ultimately deemed not to be exempt." *Matter of New York State Defenders Assn. v. New York State Police*, 87 A.D.3d 193, 195 (3rd Dept. 2011). Respondent cited to the agency exemption in both the original denial and the appeal. The issue of whether they had a reasonable basis for withholding the documents (which were explicitly intra-agency materials) turns on whether the Respondent reasonably considered the documents to not fall under one of the four enumerated exceptions to the exemption, as well as whether Respondent was required to do more than state that the documents "are exempt from disclosure pursuant to Public Officer Law § 87(2)(g) Inter-Agency/ Intra Agency Materials", as Petitioner argues.

When an agency relies on the agency exemption, they bear the burden of establishing that the requested documents fall under the exemption and are "required to articulate particularized and specific justification for not disclosing them." *Matter of West Harlem Bus. Group v. Empire State Dev. Corp.*, 13 N.Y. 3d 882, 885 (2009). An affidavit that "merely repeat[s] the statutory phrasing of an exemption [is] insufficient to establish the requirement of particularity." *DJL Restaurant Corp. v. Department of Bldgs.*, 273 A.D.2d 167, 168 – 69 (1st Dept. 2000). Furthermore, the First Department has held that an agency's burden of demonstrating the

**159412/2024   WILLIAM GREY LAW OFFICE PLLC vs. THE CITY OF NEW YORK S/H/A THE NEW YORK CITY DEPARTMENT OF PROBATION**
**Motion No.  001**

**Page 4 of 6**

[* 4]

4 of 6

applicability of an exemption is not satisfied when they "withheld all of the requested records on the basis of a blanket invocation of three statutory exemptions, without enumerating or describing any of the documents withheld and without offering a specific basis for any of the claims of exemption." *City of Newark v. Law Dep't of N.Y.*, 305 A.D.2d 28, 34 (1st Dept. 2003).

Because here Respondent simply offered a blanket invocation of the agency exemption, they did not have a reasonable basis for withholding the documents. Respondent argues that the records are pre-decisional advising between agencies. These types of records are exempt from FOIL disclosure. *Rothenberg v. City Univ. of N.Y.*, 191 A.D.2d 195, 196 (1st Dept. 1993). Petitioner argues that the requested documents fall under one of the four exceptions to the inter-agency exemption, in that they are instructions to staff that affect the public. Determining which party is correct in their assertions cannot be done without a review of the documents at issue. But the issue here regarding reasonable basis is that Respondent did not address whether the requested documents did or did not fall under one of the four exceptions, and only offered a blanket invocation of the statutory language. In *Dioso Faustino*, the First Department held that in order to establish a reasonable basis, "the agency must still fulfill its burden under Public Officers Law § 89(4)(b) to articulate a factual basis for the exemption." *Dioso Faustino*, at 505. Failure to articulate a factual basis for the exemption means that the agency did not establish a reasonable basis for withholding the documents. Therefore, because here Petitioner substantially prevailed and there was not a reasonable basis articulated for withholding the documents, attorneys' fees are mandatory. Accordingly, it is hereby

ORDERED that the petition is remanded for Respondent to provide a privilege log to Petitioner within 90 days of the notice of entry of this order; and it is further

**159412/2024   WILLIAM GREY LAW OFFICE PLLC vs. THE CITY OF NEW YORK S/H/A THE NEW YORK CITY DEPARTMENT OF PROBATION**
**Motion No.  001**

Page 5 of 6

5 of 6

ORDERED that a hearing be held on the matter of attorneys' fees to Petitioner on May 9, 2025, at 2:15 pm at Part 11, 60 Centre Street, Room 412.

20250324130321LFRANK36270F9683C4A70900EABB25DEEB41D

| 3/24/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159412/2024   WILLIAM GREY LAW OFFICE PLLC vs. THE CITY OF NEW YORK S/H/A THE NEW YORK CITY DEPARTMENT OF PROBATION**          Page 6 of 6
**Motion No.  001**

6 of 6

[* 6]