In the Matter of MICHAEL GRABELL, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. [32 NYS3d 81]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 8, 2015, which, to the extent appeal appealed from as limited by the briefs, granted the petition brought pursuant to CPLR article 78 to the extent of compelling respondent New York City Police Department (NYPD) to disclose certain records requested by petitioner pursuant to the Freedom of Information Law (FOIL) with redactions ordered by the court, ordering NYPD to submit an affidavit describing its search for certain other records, and granting petitioner's request for attorney's fees and costs and referring that issue to a special referee to hear and determine, unanimously modified, on the law, to deny the petition except as to those records seeking health and safety information as described herein, to vacate the order directing NYPD to submit an affidavit, to deny petitioner's request for attorney's fees and other litigation costs, and otherwise affirmed, without costs.

As part of its counterterrorism operations, NYPD employs a Z-backscatter van, which is a mobile X-ray unit that scans vehicles or buildings for evidence of explosives, drugs and other materials. Unlike traditional X rays that penetrate an object, backscatter technology sends X rays that bounce back from the object and create an image. When a backscatter van is used to scan vehicles, occupants of the vehicle and nearby pedestrians are exposed to low doses of ionizing radiation. Petitioner alleges that this type of radiation is known to mutate DNA and

cause cancer, although it is difficult to determine the long-term health effects of low doses.*

Petitioner filed a FOIL request with NYPD seeking various documents pertaining to the Z-backscatter vans. NYPD denied the request, and after an administrative appeal was rejected, petitioner brought this article 78 proceeding. Supreme Court granted the petition to the extent of compelling NYPD to disclose the following, with certain redactions: (a) reports of past deployments of the vans that are not related to any ongoing investigation; (b) policies, procedures and training materials regarding the vans; (c) records sufficient to disclose the total number and aggregate cost of vans purchased by or for NYPD; and (d) tests or reports regarding the radiation dose or other health and safety effects of the vans. NYPD now appeals.

The court erred in ordering disclosure of records relating to past deployments, policies, procedures, training materials, aggregate cost and total number of the vans. These materials are exempt from disclosure under FOIL's law enforcement and public safety exemptions (Public Officers Law § 87 [2] [e] [iv] [exempting records "compiled for law enforcement purposes" that would "reveal (nonroutine) criminal investigative techniques or procedures"]; Public Officers Law § 87 [2] [f] [exempting from disclosure information that "could endanger the life or safety of any person"]; see Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531 [1st Dept 2015], lv denied 26 NY3d 919 [2016]).

NYPD has articulated a "particularized and specific justification for not disclosing" these records (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996] [internal quotation marks omitted]). NYPD submitted an affidavit of Richard Daddario, NYPD's Deputy Commissioner of Counterterrorism, who averred that the vans are a highly specialized and nonroutine technology used to combat terrorism in New York City. Daddario explained that in light of the ongoing threat of terrorism, releasing information describing the strategies, operational tactics, uses and numbers of the vans would undermine their deterrent effect, hamper NYPD's counterterrorism operations, and increase the likelihood of another terrorist attack.

Daddario further explained that disclosing information about

---

* According to petitioner, the manufacturer of the vans has determined that they deliver a radiation dose forty percent larger than the dose delivered by backscatter technology used in airport scanners. Petitioner further alleges that due to health concerns, the European Union has banned backscatter machines from its airports.

the locations in which NYPD has used the vans in the past, as well as the times and frequency of their deployment, would allow terrorists to infer the inverse, namely, locations and times when NYPD does not use them, and would permit a terrorist to conform his or her conduct accordingly. Daddario's affidavit provides a sufficient basis for finding the records exempt under both the law enforcement and public safety exemptions (*see Matter of Asian Am. Legal Defense*, 125 AD3d at 532 [disclosure of NYPD Intelligence Division documents containing sensitive information about the unit's methods and operations would identify nonroutine investigative techniques, could potentially be exploited by terrorists, and would create a possibility of endangerment to life]).

The court, however, properly directed NYPD to disclose tests or reports regarding the radiation dose or other health and safety effects of the vans. Daddario's affidavit does not explain how general health and safety information about the van's radiation could be exploited by terrorists. Nor does Daddario sufficiently articulate how revealing the dosage of the radiation used by the vans would allow terrorists to tailor their conduct so as to thwart detection. Further, as petitioner points out, information about the safety risks of backscatter technology is already widely available to the public. Thus, release of NYPD's records containing health information about the vans would neither reveal nonroutine investigatory techniques or procedures, nor endanger public safety.

The court erred in ordering NYPD to submit an affidavit describing its search for certain other records requested by petitioner. NYPD certified that it had conducted a diligent search, and except for a few properly exempt records, it could not locate documents responsive to the request. This certification satisfied the requirements of Public Officers Law § 89 (3) (a) (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]). Nothing in Daddario's affidavit contradicts NYPD's certification, and petitioner has failed to articulate a demonstrable factual basis to support the contention that the documents exist and are within NYPD's control (*see Matter of Lopez v New York City Police Dept. Records Access Appeals Officer*, 126 AD3d 637 [1st Dept 2015]).

In light of our significant modification of Supreme Court's order, petitioner has not "substantially prevailed," and thus there is no basis for an award of attorney's fees and other litigation costs (Public Officers Law § 89 [4] [c]). Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.