Matter of Empire Ctr. for Pub. Policy v New York City Off. of Payroll Admin. (2020 NY Slip Op 05449)





Matter of Empire Ctr. for Pub. Policy v New York City Off. of Payroll Admin.


2020 NY Slip Op 05449


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Index No. 157651/18 Appeal No. 11969 Case No. 2019-4766 

[*1]In re Empire Center for Public Policy, Petitioner-Appellant,
v
New York City Office of Payroll Administration, Respondent-Respondent.


Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for appellant.
Cameron J. Macdonald, Albany, for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 18, 2019, which, insofar as appealed from as limited by the briefs, granted the petition to the extent of ordering respondent, pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), to disclose to petitioner the aggregate gross salary of all individuals not included in the NYC Open Data Citywide Payroll Database for fiscal year 2017, within 45 days of service of a copy of the order with notice of entry, and denied the petitioner's request for individualized salary information as to such individuals for the same year, unanimously modified, on the law, to vacate the order to disclose aggregate salary information, and otherwise affirmed, without costs.
FOIL provides that "[n]othing in [the statute] shall be construed to require any entity to prepare any record not possessed or maintained by such entity" (Public Officers Law § 89[3][a]), with exceptions not raised here. Accordingly, respondent is not obligated to compile "aggregate data" "from the documents or records in its possession" (Matter of Reubens v Murray, 194 AD2d 492 [1st Dept 1993] [internal quotation marks omitted]). In any event, the information sought as to the salaries of undercover police officers, whether aggregated or individualized, is exempt from disclosure under FOIL's public safety exemption (Public Officers Law § 87[2][f]). Respondent met its burden of making a particularized showing that publicly releasing this information would create "a possibility of endangerment" to the public's safety (see Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531, 532 [1st Dept 2015], lv denied 26 NY3d 919 [2016]). Respondent submitted an affidavit of the Undercover Coordinator of the New York City Police Department (NYPD) establishing that this information could be used to estimate the total number of undercover officers employed by NYPD. The analysis of petitioner's request must consider not only the instant FOIL request for information as to fiscal year 2017, but also future requests which could be made for equivalent information as to other years. Such information would allow members of the public to estimate the increases or decreases in the overall number of undercover officers, which could "undermine their deterrent effect, hamper NYPD's counterterrorism operations, and increase the likelihood of another terrorist attack" (Matter of Grabell v New York City Police Dept., 139 AD3d 477, 478 [1st Dept 2016], lv denied 28 NY3d 910 [2016] ["aggregate cost and total number" of certain surveillance vans were covered by FOIL's public safety exemption]). Respondent's past disclosure of salary and other information as to certain public employees not employed by NYPD is not dispositive.
Accordingly, we need not reach the parties' arguments as to whether other exemptions are applicable to the same information.
There is no basis for awarding attorney's fees and costs to petitioner, since it has not "substantially prevailed" (Public Officers Law § 89[4][c][ii]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020