Matter of New York Civ. Liberties Union v New York City Police Dept. (2022 NY Slip Op 03077)





Matter of New York Civ. Liberties Union v New York City Police Dept.


2022 NY Slip Op 03077


Decided on May 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 156799/20 Appeal No. 15920 Case No. 2021-03900 

[*1]In the Matter of New York Civil Liberties Union, Petitioner-Appellant,
v
New York City Police Department, Defendant-Respondent.


New York Civil Liberties Union Foundation, New York (Bobby Hodgson of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Nwamaka Ejebe of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered April 1, 2021, which denied the petition seeking to compel respondent New York City Police Department (NYPD) to disclose records requested by petitioner pursuant to the Freedom of Information Law, and granted NYPD's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent met its burden of "articulating a particularized and specific justification for denying access" (Matter of Kosmider v Whitney, 34 NY3d 48, 54 [2019] [internal quotation marks omitted]) to information as to which New York City public schools used metal detectors, which schools requested the removal of metal detectors, whether those requests were granted, the number of school safety agents assigned to each school and borough, and the types of weapons seized in public schools citywide during certain time periods. Notwithstanding respondent's partial disclosures of some of the information sought, respondent established that disclosing comprehensive statistics as to the time periods at issue would undermine the deterrent effect maintaining the confidentiality of such information (see Matter of Empire Ctr. for Pub. Policy v New York City Off. of Payroll Admin., 187 AD3d 435, 436 [1st Dept 2020], lv denied 36 NY3d 906 [2021]; Matter of Grabell v New York City Police Dept., 139 AD3d 477, 478 [1st Dept], lv denied 28 NY3d 910 [2016]).
There is no basis for awarding attorney's fees to petitioner, since it has not "substantially prevailed" (Public Officers Law § 89[4][c][ii]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022