Matter of Jewish Press v New York City Police Dept. (2022 NY Slip Op 03444)





Matter of Jewish Press v New York City Police Dept.


2022 NY Slip Op 03444


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 157435/20 Appeal No. 16019 Case No. 2021-02823 

[*1]In the Matter of The Jewish Press, Petitioner-Appellant,
v
New York City Police Department, Respondent-Respondent.


Aron Law PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.



Judgment (denominated a decision and order), Supreme Court, New York County (Carol R. Edmead, J.), entered July 9, 2021, which denied petitioner's request for attorneys' fees and litigation costs, pursuant to Public Officers Law § 89(4)(c)(ii), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly concluded that respondent had a reasonable basis for denying petitioner's request for records (see Public Officers Law § 89[4][c][ii]). Specifically, the request was for an undefined period of time, a search of NYPD's records totaled in excess of 105,000 items, and each document would have had to be reviewed and potentially redacted—a process that could have taken over five years. Accordingly, the record establishes that respondent had a reasonable basis to believe that the request would impose an undue burden (see Public Officers Law § 89[3]; Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 162-163 [1st Dept 2010]; see also Matter of Cuddy Law Firm, P.L.L.C. v New York City Dept. of Educ., 191 AD3d 558, 558 [1st Dept 2021]). In any event, we also find that petitioner did not substantially prevail in the proceeding (see Public Officers Law § 89[4][c][ii]; Matter of Grabell v New York City Police Dept., 139 AD3d 477, 479 [1st Dept 2016]; Matter of Mack v Howard, 91 AD3d 1315, 1317 [4th Dept 2012]).
Since petitioner did not meet the statutory requirements of Public Officers Law § 89(4)(c)(ii), we need not address petitioner's objections to the court's discussion about the policy considerations underlying the statute (see Commercial Tenant Servs., Inc. v Barclay's Servs. Corp., 165 AD3d 490, 490 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022