Matter of Digital Forensics Unit v Records Access Officer (2023 NY Slip Op 01476)

Matter of Digital Forensics Unit v Records Access Officer

2023 NY Slip Op 01476

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 100836/19 Appeal No. 17552 Case No. 2021-03350 

[*1]In the Matter of Digital Forensics Unit, Legal Aid Society, Petitioner-Appellant,
v
Records Access Officer, New York City Police Department, Respondent-Respondent.

Twyla Carter, The Legal Aid Society, New York (Benjamin S. Burger of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered August 26, 2021, denying the petition to compel respondent to disclose "all current NYPD rosters of officers (of all ranks) in all precincts" pursuant to the Freedom of Information Law (FOIL), granting respondent's cross motion to dismiss the petition, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court committed no procedural error in granting respondent's cross motion to dismiss the petition. Initially, petitioner's contention that the court improperly considered the affidavit of respondent's Deputy Commissioner for Intelligence and Counterterrorism (the Miller affidavit) is unpreserved (see Islam v City of New York, 111 AD3d 493, 494 [1st Dept 2013]). In any event, respondent was entitled to submit the affidavit on its cross motion, and the court properly considered it in evaluating the merits of petitioner's claim (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134-135 [1st Dept 2014]; see also Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). 
The parties' submissions established that respondent's denial of petitioner's FOIL request based on the public safety exemption was not "affected by an error of law" (CPLR 7803[3]; see also Public Officers Law § 87[2][f]; Matter of Barry v O'Neill, 185 AD3d 503, 505 [1st Dept 2020]). Respondent satisfied its burden of showing that the requested information fell "squarely" within the exemption (see Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 158 [1st Dept 2010]), by making a "particularized showing" that publicly releasing the information would create "a possibility of endangerment" to the safety of the public (Matter of Empire Ctr. for Pub. Policy v New York City Off. of Payroll Admin., 187 AD3d 435, 435 [1st Dept 2020] [internal quotation marks omitted], lv denied 36 NY3d 906 [2021]; see also Matter of Bellamy v New York City Police Dept., 87 AD3d 874, 875 [1st Dept 2011], affd 20 NY3d 1028 [2013]). As articulated in respondent's determination denying petitioner's FOIL request, the disclosure of the rosters of all the NYPD precincts could permit individuals intent on causing harm to deduce which precincts have less resources and manpower, and tailor their conduct by targeting those areas. Further, the Miller affidavit described the potential harm to police officers as well as their families from the publication of their full names. Whether petitioner intends to publish the information on a publicly available website is irrelevant to the applicability of the exemption since "access to government records does not depend on the purpose for which the records are sought" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274 [1996]; see also Matter of Bellamy v New York City Police Dept., 59 AD3d 353, 355 [1st Dept 2009]). Further, although respondent has since separately published the full [*2]names and precinct locations of NYPD officers, the court properly considered the record that was before the records access officer in 2019.
The advisory opinion of the Committee on Open Government concluding that the denial of the FOIL request was "unsupportable" is not binding, especially given that it did not address respondent's expressed concern regarding the risk to public safety arising from the exposure of the availability of police resources and manpower in the different precincts (Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488, 493 [1994]; Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 498 [1st Dept 2013]).
Respondent's disclosure of disciplinary information on its website in response to the repeal of Civil Rights Law § 50-a (see Uniformed Fire Officers Assn. v De Blasio, 846 Fed Appx 25, 29 [2d Cir 2021]) has no bearing on the propriety of the denial of petitioner's FOIL request, since respondent's creation of the online database occurred after the determination.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023