Matter of Center for Constitutional Rights v New York City Admin. for Children's Servs. (2024 NY Slip Op 00860)

Matter of Center for Constitutional Rights v New York City Admin. for Children's Servs.

2024 NY Slip Op 00860

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 153119/22 Appeal No. 1694 Case No. 2022-04610 

[*1]In the Matter of Center for Constitutional Rights et al., Petitioners-Appellants,
v
New York City Administration for Children's Services et al., Respondents-Respondents.

Beldock Levine & Hoffman LLP, New York (Katherine "Q" Adams of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Arlene Bluth, J.), entered August 22, 2022, denying the petition to compel respondents to disclose records requested by petitioners pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to vacate the dismissal in part, reinstate the petition to the extent indicated in this order, remand the matter for an in camera review of certain records consistent with this order, and otherwise affirmed, without costs.
The court properly found that respondent New York City Administration for Children's Services (ACS) articulated a particularized and specific justification for denying access to emails exchanged among three individually named ACS employees under the intra-agency materials exemption to FOIL (see Public Officers Law § 87[2][g]; Matter of Kosmider v Whitney, 34 NY3d 48, 54 [2019]).
However, the court should have reviewed emails exchanged among the External Affairs office of ACS, the Commissioner of ACS, the First Deputy Commissioner of ACS, and other ACS employees in camera to determine whether the intra-agency materials exemption applies therein. According to ACS' records access officer, these emails addressed not only what course of action to take in response to an issue concerning an employee of an ACS contractor and how to communicate about the matter to the media, but also sought "to determine what occurred" during the events that are the focus of the FOIL request. The applicability of the intra-agency materials exemption to those records cannot be determined on this record and therefore, we remand for an in camera review only of those emails (see Matter of Jewish Press, Inc. v New York City Dept. of Investigation, 193 AD3d 461, 463 [1st Dept 2021]; see also Matter of Gould v New York City Police Dept., 89 NY2d 267, 277 [1996]).
We note that, if the documents at issue contain both materials protected by the intra-agency exemption and nonprotected factual information, petitioner is not entitled to redacted documents because "redactions to records requested under FOIL are available only under the personal privacy exemption" (Matter of Queensrail Corporation v Metropolitan Transp. Auth., 222 AD3d 501, 501 [1st Dept 2023]; see also Matter of Stengel v Vance, 192 AD3d 571, 571 [1st Dept 2021]).
ACS properly certified that it did not possess any other responsive records (see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]), and petitioners "failed to articulate a demonstrable factual basis to support the contention that [further] documents exist and are within [ACS]'s control" (Matter of Grabell v New York City Police Dept., 139 AD3d 477, 479 [1st Dept 2016], lv denied 28 NY3d 910 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024